# NATAL v. LOUISIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 271. Argued and submitted March 30, 1891. — Decided April 13, 1891.

An ordinance passed by the city of New Orleans, under authority conferred by the legislature of Louisiana, prohibiting the keeping of any private market within six squares of any public market of the city, under penalty of being sentenced, upon conviction before a magistrate, to pay a fine of twenty-five dollars, and to be imprisoned for not more than thirty days if the fine is not paid, does not violate the Fourteenth Amendment of the Constitution of the United States.

THE case is stated in the opinion.

*Mr. West Steever* (with whom was *Mr. J. Hale Sypher* on the brief) for plaintiffs in error.

*Mr. Carleton Hunt* for defendant·in error submitted on his brief.

MR. JUSTICE GRAY delivered the opinion of the court.

The plaintiffs in error were severally complained of, tried, convicted and sentenced in a recorder's court in the city of New Orleans for keeping a private market within six squares of a public market, in violation of § 4 of an ordinance of the city, copied in the margin,[1] and passed under the authority conferred by the statute of Louisiana of 1878, c. 100, as follows :

---

[1] ORDINANCE 4778.

1. That private markets for the sale of meats, fish, vegetables, fruit.and other comestibles may be opened and kept in any portion of the city of New Orleans, not within a radius of six squares of any public market of said city : Provided, the proprietor of said market pays the license provided therefor, and otherwise complies with the provisions of this ordinance and other ordinances relating to the same subject matter.

2. That all private markets shall be kept in the lower story of the building in which they are opened. They shall be thoroughly washed and cleansed daily, and no meats or other comestibles shall be exposed on the banquettes. They shall be closed punctually at twelve o'clock meridian of every day. For any violation of any of the provisions of this section, the person offending shall be liable to a fine of not less than five nor more than twenty-five dollars, to be imposed and collected by the recorder of the district in which the said market may be situated. In default of the payment of each and every fine so imposed, the person so defaulting shall be subjected to imprisonment for a time not to exceed thirty days nor less than five days.

3. That the administrator of commerce shall have full authority by himself or deputy to inspect all private markets at any hour when they may be open for business, and any refusal by any proprietor of a private market to permit such inspection shall render him liable to a fine to be imposed and collected as provided in the preceding section.

4. That no private market shall be permitted within a radius of six blocks of any public market of the city, as per plan on file in the office of the administrator of commerce, designating and specifying the same, and making part of this ordinance; and it shall be the duty of the chief of police, under the direction of the administrator of commerce, to cause any private market opened in violation of the provisions of this section to be

" Sec. 2. That the city council of the city of New Orleans be and they are hereby authorized and empowered to make such arrangements and pass such ordinances for the government and regulation of the private markets in the city of New Orleans as they in their discretion may deem proper, and that they be vested with full power to provide for the enforcement of their said ordinances : Provided, the city council shall not have the power to prohibit the existence of private markets under proper regulations.

" Sec. 3. That the said city council may prescribe by ordinance the manner in which such private markets shall be kept, the portion of the city in which they shall be located, and the distance which they shall be removed from the public markets, and shall have power to provide for the enforcement of said ordinances ; provided, no private market shall be established within a radius of six squares of any public market."

The cases were consolidated, and on appeal to the Supreme Court of the State the judgments were affirmed. 39 La. Ann. 439.

The plaintiffs in error contended in the recorder's court, and afterwards assigned for error, that their privileges and immunities as citizens of the United States had been abridged, and that they had been deprived of liberty and property without due process of law, and had been denied the equal protection of the laws, contrary to the Fourteenth Amendment of the Constitution of the United States.

The case is too plain for discussion. By the law of Louis-

---

closed; and any person opening a private market in violation of the provisions of this section, and within the said prohibited distance, shall be liable to a fine of twenty-five dollars for each and every offence, said fine to be imposed and collected by the recorder of the district in which said private market may. be situated. In default of the payment of each and every fine so imposed, the person so defaulting shall be subject to imprisonment for a term not to exceed thirty days or less than five days.

5. That any person or persons applying to the administrator of finance for a license to keep a private market shall, before obtaining said license, produce a certificate from the administrator of commerce, showing the location of said private market, and that all the requirements of this ordinance have been complied with by the person or persons asking a license.

iana, as in States where the common law prevails, the regulation and control of markets for the sale of provisions, including the places and the distances from each other at which they may be kept, are matters of municipal police, and may be intrusted by the legislature to a city council, to be exercised as in its discretion the public health and convenience may require. *Morano* v. *Mayor*, 2 La. 217; *First Municipality* v. *Cutting*, 4 La. Ann. 335; *New Orleans* v. *Stafford*, 27 La. Ann. 417; *Bush* v. *Seabury*, 8 Johns. 419; *Buffalo* v. *Webster*, 10 Wend. 99; *Nightingale's Case*, 11 Pick. 168; *Commonwealth* v. *Rice*, 9 Met. 253. The ordinance of the city of New Orleans prohibiting the keeping of a private market within six squares of any public market of the city, under penalty of a fine of twenty-five dollars, and of imprisonment for not more than thirty days if the fine is not paid, was within the authority constitutionally conferred upon the city council by the legislature of the State. A breach of such an ordinance is one of those petty offences against municipal regulations of police, which in Louisiana, as elsewhere, may be punished by summary proceedings before a magistrate, without trial by jury. Louisiana Constitution of 1852, arts. 103, 124; Constitution of 1868, arts. 6, 94; *State* v. *Gutierrez*, 15 La. Ann. 190; *Mayor &c. of Monroe* v. *Meuer*, 35 La. Ann. 1192; *Callan* v. *Wilson*, 127 U. S. 540, 553, 555.

*Judgment affirmed.*