STELLA SCHMELTZ v. STATE OF OHIO.

1. AN INFORMATION MAY VARY FROM AFFIDAVIT.

The information filed in the police court of Cincinnati must substantially conform to the affidavit charging the offense upon which it is based, but jurisdiction having been obtained, within the limits in which an indictment may vary the charge and still subject the accused to the consequences of a default, on his recognizance taken by the magistrate, the information filed in the police court may vary and depart from the affidavit.

2. NOT OBJECTIONABLE IF CONFINED TO ONE KIND OF LIQUORS.

The affidavit charged the defendant with selling "intoxicating liquors" in a brothel while the first count in the information charged that the sale was of "intoxicating liquors, to-wit: beer," in a brothel. This was not such a substantial or prejudicial variation or departure from the offense charged in the affidavit as to make the count subject to a demurrer.

3. LAW PROHIBITING SALES IN BROTHELS NOT UNCONSTITUTIONAL.

The act of May 4, 1891 (88 O. L., 567), to prohibit the sale of intoxicating liquors in brothels is not in conflict with the constitution of this state, or with article 14 of the constitution of the United States.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

On May 18, 1892, an affidavit was filed in the police court of Cincinnati, charging that on May 12, 1892, at the city of Cincinnati and county of Hamilton, the defendant did unlawfully sell intoxicating liquors in a brothel. On the same day an information was filed in said court against her, containing two counts, the first charging that, at the time and place before stated, she had unlawfully sold intoxicating liquors, to-wit, beer, in a brothel, and in the other,

with having given it away. A demurrer was filed to the information, but it was overruled by the court, and a trial having been had, the defendant was found guilty as charged in the first count, and not guilty as charged in the second count, and was thereupon sentenced. The case was taken on error to the common pleas, and the judgment was there affirmed. In this proceeding it is sought to reverse both of these judgments.

Two grounds of error are urged: First, that it appears from the record that the information did not charge the same offense as that set forth in the affidavit; and, second, that the demurrer to the information was improperly overruled.

As to the first ground, the contention is that while the affidavit simply charges the sale of intoxicating liquors, the information charges that the sale was of intoxicating liquors, to-wit, beer, which, it is claimed, is a departure from the original charge.

The law in this state is well settled that a prosecution for an offense can not be instituted in the police court, by the filing, by the prosecuting attorney of that court, of an information therein. It must be based on an affidavit filed in the court, charging the defendant with the offense set out in the information of which it is averred that the defendant is guilty. See *Gates et al.* v. *State*, 3 O. S., 293, and *Eichenlaub* v. *State*, 36 O. S., 140. And it is also clear from these cases that the information must substantially conform to the affidavit on which it is based, but that it is not requisite that it should be precisely the same, but that jurisdiction having been obtained by the filing of the affidavit, and the arrest or appearance of the defendant, within the limits in which an indictment may vary the charge and still subject the accused to the consequences of a default on his recognizance taken by the magistrate, the information filed in the police court may vary and depart from the affidavit.

We have no question but that the variation between the affidavit and the first count of this information comes within this rule. The charge in each is the same, viz., the selling of intoxicating liquors at the same time and place. The information does not broaden or extend the charge made in the affidavit, but on the contrary, greatly limits it. If it be required by good pleading in an information like this to specify the kind of liquors sold (which may be open to question), where it is done as it is here, the defendant is not prejudiced thereby, but may be greatly benefited—for if such an allegation be made, we suppose that it must be proved as alleged.

It is objected, further, that the law itself, on which the prosecution is based, is unconstitutional, and is so broad in its scope and effect as to be an abuse of the legislative power, and in violation of the natural rights of the citizens—in this, that it makes criminal acts not *malum in se*, and makes no exception as to acts done ignorantly, or with the best of motives, as, for instance, the sale or administration by a physician to a person in such a place, whose life may be preserved by such act.

The law in question, in so far as it defines the offense, is as follows: "That the sale, exchange or giving away of intoxicating liquors in brothels, be and the same is hereby prohibited."

By the constitution of this state full power is given to the general assembly "to provide against the evils resulting from the sale of intoxicating liquors," and this right in many cases, of different kinds, has been upheld by our Supreme Court. Among others is the recent case of *Heck* v. *State*, 44 O. S., 536, in which it was held that the statute of May 2, 1885, 82 O. L., 222, providing that whoever sells intoxicating liquors within two miles of the place where an agricultural fair is being held * * * shall be fined," etc., "is not in conflict with any provision of the constitution, and is valid." The act under consideration in the case before us can not be distinguished in principle from that passed upon by the Supreme Court. If the one is valid we think the other is also.

Schmeltz v. State.

We are cited by the counsel for the plaintiff in error to a decision of Sawyer, J., 29 Fed. Rep., 181, in which it is held that an ordinance of a city of California, providing that every person who resorts to, frequents or visits a place where opium, or any of its preparations, is sold or given away, is guilty of a misdemeanor, is void as being in conflict with article 14 of the constitution of the United States. He does not say what part of such article is violated by the ordinance, but from the course of the argument, we suppose that it is the paragraph which provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;" and the ground of the alleged conflict, as we understand the decision, is, that the ordinance attempted to make it criminal for a person to do an act, not wrong in itself, without knowledge that his act was in violation of its provisions, and without ground to suppose that it was. In that particular case, that it made criminal a mere visit to a drug store where opium was sold, though the person may have had no knowledge that opium was sold there, and there may have been nothing to put him on inquiry.

It seems to us that the legislature of a state has a right to pass laws making many acts offenses which are not *malum in se*, and, which, under certain circumstances, were it not for the statute, might be deemed praiseworthy. The right to do this, in so far as the citizens of the state are concerned, rests on the grant to the general assembly by the constitution of all legislative power, not expressly prohibited thereby. How far this provision of article 14 of the constitution of the United States may be a limitation on this power of the legislature, in certain cases may be a question of doubt. But in our view it was not intended to limit it in cases like this, or to interfere in the slightest degree with the acknowledged and settled right of the legislatures of the several states to enact and enforce criminal laws in the nature of police regulations, to prevent or restrain acts, which, in their judgment, would be subversive of or injurious to the public health, morals or welfare—for instance, the unrestricted traffic in intoxicating liquors, gunpowder, dynamite and like substances. The case referred to is the only one we have seen which gives any countenance to the claim made by the plaintiff in error. We think there are many decisions of the courts which fully recognize the law as we have stated. We refer simply to the following cases, decided by the Supreme Court of the United States, while this fourteenth amendment was in force, which seem clear in favor of the right of the general assembly to so legislate. In re Rohard, 140 U. S., 545, Fuller, chief justice, announcing the opinion of the court, on page 554, says:

"The power of the state to impose restraints and burdens upon persons and property in conservation and promotion of the public health, good order and prosperity, is a power originally and always belonging to the states, not surrendered by them to the general government, nor directly restrained by the constitution of the United States, and essentially exclusive; and this court has uniformly recognized state legislation legitimately for police purposes, as not in the sense of the constitution necessarily infringing upon any right which has been confided expressly, or by implication, to the national government.

"The fourteenth amendment, in forbidding a state to make or enforce any law abridging the privileges or immunities of citizens of the United States, or to deprive any person of life, liberty or property, without due process of law, or to deny to any person within its jurisdiction the equal protection of the law, did not invest, and did not attempt to invest congress with power to legislate upon subjects which are within the domain of state legislation."

See also *Natal* v. *Louisana*, 139 U. S., 621.

But inasmuch as our Supreme Court, as before stated, has upheld a law which we deem substantially similar to this (though this particular question does not seem to have been raised), we are of the opinion that we must hold that the law in question is valid. The judgment will therefore be affirmed.

*S. N. Maxwell* and *J. C. Hart*, for plaintiff in error.

*Fred. Hertenstein, contra.*