GAY, PETITIONER, *v.* CUEVAS ZEQUEIRA, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Humacao in a Prosecution for Violation of the Weights and Measures Act.

No. 189.—Decided July 19, 1917.

CERTIORARI—WEIGHTS AND MEASURES—JURY TRIAL—MISDEMEANOR.—When in a certiorari proceeding to set aside an order denying him the privilege of a trial by jury in a prosecution for the misdemeanor of violating the Weights and Measures Act, said privilege being claimed under the Sixth Amendment to the Constitution of the United States which is in force in Porto Rico by virtue of the Jones Act, the petitioner does not show his right clearly, in the absence of a conviction of clear right in the petitioner, there being considerable indication that the misdemeanor under the said act would be a petty offense of the kind which at common law did not give the defendant a right to a jury trial, the writ should be discharged without prejudice to his right to present the same question on appeal if he should be tried and convicted.

The facts are stated in the opinion.

*Mr. Francisco González* for the petitioner.

*Messrs. Howard L. Kern,* Attorney General, *Salvador Mestre, fiscal,* and *George L. Brengle* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner on being arraigned for an alleged offense against the laws of Porto Rico in the District Court of Humacao made an application for a jury trial and that privilege being denied him, he presented a petition to this court for a writ of certiorari. The theory of the application is that the Constitution of the United States is in force in Porto Rico, and hence that the petitioner is entitled to a jury trial by reason of the Sixth Amendment, as follows:

## "ARTICLE VI.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

As we have held that by reason of the Jones Act the Constitution does apply to Porto Rico, the question arises whether the offense with which petitioner is charged necessarily gives him a right to a jury trial. In *Callan* v. *Wilson,* 127 U. S. 554 *et seq.,* the Supreme Court of the United States pointed out that there were a number of petty or trivial offenses which might be tried without a jury. In *Schick* v. *United States,* 195 U. S. 65, the court also recognized that there may be a prosecution for petty offenses without a jury trial. See also 16 R. C. L. 201, note 12; *Pearson* v. *Wimbish,* 52 S. E. 753; *Natal* v. *Louisiana,* 139 U. S. 621; and notes 23 A. S. R. 581; 25 A. S. R. 887.

In the case before us the petitioner was charged with a violation of section 15 of the Law of Weights and Measures, presumably in connection with section 20 of the same law, which two sections we copy:

"Section 15.—No person shall give, or permit to be given, any false or short weight or measure in the sale or transfer of any goods, wares or merchandise, and no person shall use, or permit to be used, any false weight or measure, in any industrial or commercial transaction as a basis for compensation in the sale, transfer or transportation of any goods, wares or merchandise.

\*      \*      \*      \*      \*      \*      \*

"Section 20.—Any person violating any of the foregoing provisions of this act or of the rules and regulations prescribed in pursuance thereof and any person who as employer or as an officer, director, stockholder or agent of any corporation, or as a member of any firm or partnership or otherwise shall direct, order, permit, or consent to any infraction of the foregoing provisions of this act, or of the said rules and regulations, shall be deemed guilty of a misdemeanor, and upon conviction thereof, by a court of competent jurisdiction, shall be punished for the first offense, by a maximum fine of fifty dollars or by imprisonment not to exceed fifty days and for the second offense by a fine of not less than fifty dollars nor more than two hundred and fifty dollars, or by imprisonment for a term not to exceed ninety days, and for subsequent offenses by a fine of not less than two hundred dollars nor more than five hundred dollars and by imprisonment for not more than one year."

Now, there is considerable indication that the misdemeanor under these sections would be a petty offense, of the kind which did not give the defendant at common law a right to a jury trial. The question, by reason of the more paramount constitutional question (*Muratti* v. *Foote, ante,* p. 527), has not been fully argued before this court, and it was incumbent upon the petitioner clearly to show his right. In the absence of a conviction of clear right in the petitioner the writ must be annulled, without prejudice, of course, to his right to present the same question on appeal, if he should be tried and convicted.

The writ must be annulled.

*Petition denied.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.