GAY, PETICIONARIO, *v.* CUEVAS ZEQUEIRA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Humacao en causa por delito de infracción de la Ley de Pesas y Medidas.

No. 189.—Resuelto en julio 19, 1917.

CERTIORARI—INFRACCIÓN DE LA LEY DE PESAS Y MEDIDAS—DELITO MENOS GRAVE—MISDEMEANOR—JUICIO POR JURADO.—Cuando un peticionario en recurso de *certiorari* para que se anule una orden que le negó el privilegio a un juicio por jurado en causa por el delito menos grave (*misdemeanor*) de infracción de la Ley de Pesas y Medidas, a que alega tener derecho de acuerdo con la Sexta Enmienda de la Constitución de los Estados Unidos que rige en Puerto Rico por razón de la Ley Jones, no muestra claramente su derecho, en ausencia de una convicción de que le abona un derecho diáfano (*clear right*), por existir indicios de consideración de que el delito menos grave de que se le acusa será una falta insignificante de las que en la ley común no dan al acusado el

derecho a un juicio por jurado, el auto debe ser anulado, sin perjuicio desde luego del derecho que tiene de presentar la misma cuestión en apelación, caso de que sea juzgado y hallado convicto.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Francisco González.*

Abogado del demandado: *Sres. Howard L. Kern, Attorney General, Salvador Mestre, Fiscal,* y *George L. Brengle, Oficial Jurídico del Departamento de Justicia.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El peticionario en el acto de la lectura de una acusación por un presunto delito contra las leyes de Puerto Rico en la Corte de Distrito de Humacao presentó una solicitud pidiendo un juicio por jurado y habiéndosele negado ese privilegio, acudió a esta corte con una solicitud para que se expidiese un auto de certiorari. La teoría sobre la que descansa la solicitud es que la Constitución de los Estados Unidos está en vigor en Puerto Rico y que, por lo tanto, el peticionario tiene derecho a un juicio por jurado por razón de la Sexta Enmienda, que reza como sigue:

"En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, por un jurado imparcial del Estado y distrito donde el delito fuere cometido, distrito que deberá haberse designado previamente por la ley, y de ser informado respecto a la naturaleza de la acusación; de carearse con los testigos adversos; de obtener testigos en su favor mediante procedimientos compulsorios, y gozar del beneficio de un abogado en su defensa."

Puesto que hemos sostenido que, por razón de la Ley Jones la Constitución de los Estados Unidos es aplicable a Puerto Rico, surge la cuestión de si el delito de que se acusa al peticionario necesariamente le da derecho a un juicio por jurado. En el caso de *Callan* v. *Wilson,* 127 U. S. 554, *et seq.,* la Corte Suprema de los Estados Unidos apunta la existencia de un número de delitos insignificantes o faltas que pueden ser juzgados sin la concurrencia de un jurado. En el de

*Schick* v. *United States,* 195 U. S. 65, la corte reconoce también que pueden seguirse procesos por pequeñas infracciones de ley sin la intervención del jurado.    Véanse también 16 R. C. L. 201, nota 12; *Pearson* v. *Wimbish,* 52 S. E. 753; *Natal* v. *Louisiana,* 139 U. S. 621 y notas; 23 A. S. R. 581; 25 A. S. R. 887.

En el caso que ante nosotros pende, el peticionario fué acusado de infracción a la sección 15 de la Ley de Pesas y Medidas, en relación con la sección 20 de la misma ley, las cuales dos secciones transcribimos:

"Sección 15.—Ninguna persona dará, o permitirá que se dé, ningún peso o medida falto o incompleto en la venta o traspaso de artículos, efectos o mercancías y ninguna persona usará, o permitirá que se use, ninguna pesa o medida falsa en ninguna transacción industrial o comercial, como base para fijar el precio o pago en la venta, traspaso o transporte de cualesquiera artículos, efectos o mercancias."

"Sección 20.—Toda persona que infrinja cualquiera de las precedentes disposiciones de esta ley o de las reglas y reglamentos prescritos en cumplimiento de la misma, y toda persona que, como patrono, o como oficial, director, accionista, o agente de cualquier corporación, o como miembro de una razón social o compañía, o de otro modo, disponga, ordene, permita o consienta cualquiera infracción de las precedentes disposiciones de esta ley o de dichas reglas o reglamentos, será considerada culpable de un delito menos grave (*misdemeanor*), y convicta que fuere en una corte de jurisdicción competente, será castigada por la primera falta con una multa máxima de cincuenta dólares o con prisión que no exceda de cincuenta días, y por la segunda falta, con una multa no menor de cincuenta dólares, ni mayor de doscientos cincuenta dólares, o con prisión por un término no mayor de noventa días, y por las subsiguientes faltas, con una multa que no sea menor de doscientos dólares ni mayor de quinientos dólares, y con prisión por un término que no sea mayor de un año."

Ahora, existen indicios de consideración de que el delito menos grave (*misdemeanor*) penado por estas secciones será una falta insignificante, de las que en la ley común no dan al acusado el derecho a un juicio por jurado.  El caso, por ra-

zón de la principalísima cuestión constitucional, que se acaba de resolver en el caso de *Muratti* v. *Foote,* no ha sido debidamente argumentado ante esta corte, y le incumbía al peticionario mostrar claramente su derecho. En ausencia de una convicción de que al peticionario le abona un derecho diáfano (*clear right*) el auto debe ser anulado, sin perjuicio, por supuesto, del derecho que tiene a presentar la misma cuestión en la apelación, en caso de que fuese juzgado y hallado convicto.

El auto debe ser anulado.

> *Desestimada la solicitud y anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.