No. 73–6943. JOHNSON v. NEBRASKA. Sup. Ct. Neb. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner was convicted of violating a city gambling ordinance, carrying a maximum penalty of six months' imprisonment and a $500 fine. Following a trial before a municipal judge, petitioner was convicted and sentenced to 100 days in jail and fined $500. Under Nebraska law, trial by jury is unavailable in a prosecution in municipal court for violation of a city ordinance. The Nebraska courts rejected petitioner's assertion of a right to a jury trial under the Sixth Amendment, on the ground that no such right applies to prosecutions for offenses carrying a maximum penalty of imprisonment for six months or less.

The Constitution provides for trial by jury in two places. Article III, § 2, provides that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury . . . ." And the Sixth Amendment provides in pertinent part:

> "In *all* criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." (Emphasis added.)

Despite these specific references to a jury in the trial of "all crimes" and in "all criminal prosecutions" the Court has held that the accused enjoys no right to demand trial by jury in prosecutions for "petty offenses."

The notion of a class of "petty offenses" for which prosecution would carry no right to jury trial first surfaced in this Court in the dicta of *Callan* v. *Wilson*, 127 U. S. 540, 555 (1888), which held that a conspiracy offense did not belong in the "petty" class. "Petty of-

950

fenses" were to be defined as those punishable by summary proceedings at common law prior to the adoption of the Constitution. The exclusion of petty-offense prosecutions from the jury trial guarantee was repeated in several later cases. *Natal* v. *Louisiana,* 139 U. S. 621 (1891), involved a Fourteenth Amendment challenge to a Louisiana ordinance regulating the location of private marketplaces. Prosecution for violation was before a magistrate only and was punishable by a $25 fine or imprisonment for 30 days. In holding that the absence of jury trial did not vitiate conviction under the ordinance, the Court repeated the *Callan* dicta, but the decision came more than 70 years before we held the federal right to jury trial applicable in state proceedings, *Duncan* v. *Louisiana,* 391 U. S. 145 (1968). In *Schick* v. *United States,* 195 U. S. 65 (1904), the petty-offense exclusion was again repeated, but the holding of that case was that the defendant's waiver of jury trial in the District Court did not invalidate his conviction.

Not until *District of Columbia* v. *Clawans,* 300 U. S. 617 (1937), did the Court squarely rule that certain prosecutions are outside the constitutional guarantee. That case involved a prosecution in the District of Columbia for violation of a statute making it a crime, punishable by a fine of $300 or less, or imprisonment of 90 days or less, to sell second-hand goods without a license. In holding that trial by jury was not required, the Court expanded the definition of "petty offenses" to embrace all those for which the authorized punishment failed to meet a requisite standard of severity. The degree of severity required to invoke the constitutional right was to be ascertained "by objective standards such as may be observed in the laws and practices of the community taken as a gauge of its social and ethical judgments." *Id.,* at 628. In the years since *Clawans,* the Court has struggled to achieve greater precision in drawing the line

that separates "petty" from "serious" crimes. See *Duncan* v. *Louisiana, supra,* at 160–162; *Dyke* v. *Taylor Implement Mfg. Co.,* 391 U. S. 216 (1968); *Frank* v. *United States,* 395 U. S. 147 (1969); *Baldwin* v. *New York,* 399 U. S. 66, 67–73 (1970). The Court's latest expression in this quest for certainty came last Term in *Codispoti* v. *Pennsylvania,* 418 U. S. 506 (1974). There it was said that "our decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes." *Id.,* at 512. What apparently began in *Callan* as a narrow exception to the jury trial guarantee based upon the nature of the offense[1] has become a rigid rule based upon the maximum authorized punishment.[2]

If the judgment were mine to make, I would entertain considerable doubt that petitioner's offense can be described as "petty." See *Frank* v. *United States, supra,* at 160 (Black, J., dissenting). Petitioner's offense carried a maximum penalty of six months' imprisonment and a $500 fine. A literal reading of the "fixed dividing line" stated in *Codispoti* would place petitioner's offense in the "serious" category, for it carries "a sentence of more than six months." I recognize, however, that the Court has never expressly considered how the interaction of authorized imprisonment and fines affects the dividing line, although it has adverted to the provisions of 18 U. S. C. § 1, defining as "petty" a crime in which both

---

[1] Compare Mr. Justice Harlan's opinion for the Court in *Callan* v. *Wilson,* 127 U. S. 540 (1888), with his later dissenting opinion in *Schick* v. *United States,* 195 U. S. 65, 80–81 (1904).

[2] Special rules have been applied with respect to criminal contempts for which a maximum penalty is not specified. See *Dyke* v. *Taylor Implement Mfg. Co.,* 391 U. S. 216 (1968); *Frank* v. *United States,* 395 U. S. 147 (1969); *Taylor* v. *Hayes,* 418 U. S. 488 (1974).

six months' imprisonment and a $500 fine are authorized. See *e. g., Duncan* v. *Louisiana, supra,* at 161; *Frank* v. *United States, supra,* at 151. On the Court's own terms, certiorari should be granted to resolve the ambiguity.

For myself, I adhere to the views expressed by Mr. Justice Black, whom I joined, in *Baldwin* v. *New York, supra,* at 74–76, that the Constitution forbids the kind of line drawing in which the Court is now engaged. In making trial by jury applicable "in all criminal prosecutions," the Framers foreclosed any judicial freedom to decide that in certain prosecutions trial by jury is unwarranted. The point was forcefully made by Justices McReynolds and Butler in their separate opinion in *District of Columbia* v. *Clawans, supra:*

> "In a suit at common law to recover above $20.00, a jury trial is assured. And to us, it seems improbable that while providing for this protection in such a trifling matter the framers of the Constitution intended that it might be denied where imprisonment for a considerable time or liability for fifteen times $20.00 confronts the accused." 300 U. S., at 633–634.

Until the language of the Constitution is amended, we are not free to impose our judgment as to what offenses are "petty." Since, in my view, the right to trial by jury in all criminal prosecutions is among the privileges and immunities of citizens of the United States the States are forbidden by the Fourteenth Amendment from abridging, see *Gideon* v. *Wainwright,* 372 U. S. 335, 345–347 (1963) (concurring opinion), I would apply the same rule in both state and federal prosecutions. See also *Duncan* v. *Louisiana, supra,* at 162–171 (Black, J., concurring). The judgment below might arguably be permitted to stand under a view that the federal guarantee of trial by jury is not fully applicable to the States. This was

the view of Mr. Justice Harlan, expressed in, *e. g., Duncan* v. *Louisiana, id.,* at 171–193, and *Williams* v. *Florida,* 399 U. S. 78, 117–138 (1970). I do not share that view, see *id.,* at 106–107, and in any event it has not commanded a majority of this Court.

Petitioner was denied a jury in what is unquestionably a criminal prosecution. I would grant certiorari to consider his Sixth Amendment claim.