■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO RIVERA, Appellant.—Judgment, Supreme Court, New York County (Robert J. Haft, J.), rendered May 17, 1989, convicting defendant, after jury trial, of three counts of robbery in the first degree and one count of sodomy in the first degree, and sentencing him, as a predicate felon, to three consecutive terms of 6 to 12 years imprisonment, and a fourth consecutive term of 7 to 14 years imprisonment, respectively, unanimously affirmed.

Defendant's conviction arises out of his arrest for three separate knifepoint robberies of women in building lobbies within the Stuyvesant Town building complex in Manhattan over a 6-day period. The victims were young women, one of whom was sodomized by defendant.

Defendant's argument that the trial court erred in admitting the testimony of one of the robbery victims, that defendant addressed a question to her at the show-up scene, without benefit of a CPL 710.30 notice, is meritless. A CPL 710.30 statement notice is required when a statement to be introduced is made to a public servant, or to a police agent, but not when a statement is made to a private party, as is the case here *(see, e.g., People v Mirenda,* 23 NY2d 439).

Defendant's claim of ineffective assistance of counsel likewise is without merit. Initially, trial counsel reasonably did not object to the admission into evidence of a gold bangle bracelet (matching the description of a bracelet stolen from one of the victims) recovered from defendant's pants pocket upon his apprehension, and a knife (matching the description of a knife used in the robberies) recovered in the area where defendant was apprehended, as such evidence was relevant to the issues, and tended to establish material facts *(see, e.g., People v Yazum,* 13 NY2d 302). Similarly, trial counsel reason-

ably made no objection to the prosecutor's summation, which constituted fair comment on the evidence *(People v Fielding,* 158 NY 542), and appropriate response to the defense summation *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Additionally, the record indicates that trial counsel made appropriate pre-trial and trial motions, conducted extensive cross-examination of the People's witnesses in an attempt to show suggestiveness of the identification procedures and mis-identification, requested and received appropriate jury charges, and vigorously pursued a mis-identification defense. That the defense was unsuccessful is not an indication of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

We perceive no abuse of discretion by the trial court in imposing sentence. The court reviewed the overwhelming proof of defendant's guilt in each of the crimes charged herein, as well as all available sentencing data, including the probation report, defendant's predicate felon status, and his prior criminal history *(see, e.g., People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 419 US 951). Concur—Milonas, J. P., Ross, Asch, Kassal and Smith, JJ.