OPINION OF THE COURT
 

 Bellacosa, J.
 

 This Court granted leave to decide whether Family Court Act § 330.2 (2) requires a presentment agency in a juvenile delinquency proceeding to give notice to a respondent of its intent to introduce statements of a nonpublic servant witness at a fact-finding proceeding. The Appellate Division affirmed an order of Family Court adjudging that the appellant-respondent committed acts when he was 15 years of age which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the fourth degree and unlawful possession of a weapon. We affirm the order of the Appellate Division and hold that the notice provision of Family Court Act § 330.2 (2) does not extend to testimony to be received from witnesses like the non-law-enforcement social worker in this case.
 

 
 *228
 
 L
 

 Appellant’s mother found a gun among some dirty clothes in a closet while cleaning her son’s room. Because she was distraught, she and her daughter decided to call the mother’s social worker for some guidance and assistance. The student social worker went to the apartment and encountered appellant, also visibly upset, speaking to a family friend in the kitchen. She asked the youngster where he had obtained the gun. He responded that he purchased it from a drug addict for $10. She was shown the gun wrapped in a towel on a bed, and then sought advice on how to proceed from the Department of Social Services in Albany and certified social workers at New York City’s Child Welfare Administration. Acting on their advice, she summoned the police.
 

 The responding officer was shown the gun and arrested appellant. The gun was an operational, nine millimeter Calico semiautomatic pistol. At a fact-finding hearing, the mother, the police officer and the social worker testified about their observations regarding the gun. Appellant’s counsel objected to the social worker’s testimony on the ground that he had not been given advance notice of its intended use pursuant to Family Court Act § 330.2 (2). The Family Court found that the "statements were not made to a law enforcement official” and, thus, notice is not required.
 

 The Appellate Division affirmed without expressly addressing the notice issue. However, the dispositive issue persists in our Court whether the prosecution in a juvenile delinquency proceeding must give pre-fact-finding notice, pursuant to Family Court Act § 330.2 (2), for the introduction of statements made by a juvenile to persons who are not public servants. That section incorporates by double reference CPL 710.20 (3), CPL 710.30 and CPL 60.45 as a threshold prerequisite for such evidence to be used.
 

 IL
 

 It is well in this case to set out the salient words of the interconnected, operative statutes. Family Court Act § 330.2 (2) states:
 

 "Whenever the presentment agency intends to offer at a fact-finding hearing evidence described in section 710.20 or subdivision one of section 710.30 of the criminal procedure law, such agency
 
 *229
 
 must serve upon respondent notice of such intention. Such notice must be served within fifteen days after the conclusion of the initial appearance or before the fact-finding hearing, whichever occurs first, unless the court, for good cause shown, permits later service and accords the respondent a reasonable opportunity to make a suppression motion thereafter. If the respondent is detained, the court shall direct that such notice be served on an expedited basis.”
 

 CPL 710.20 states:
 

 "Upon motion of a defendant who (a) is aggrieved by unlawful or improper acquisition of evidence and has reasonable cause to believe that such may be offered against him in a criminal action, or (b) claims that improper identification testimony may be offered against him * * * a court may * * * order that such evidence be suppressed or excluded upon the ground that it * * *
 

 "3. Consists of a record or potential testimony reciting or describing a statement of such defendant involuntarily made, within the meaning of section 60.45.”
 

 CPL 60.45 provides:
 

 "2. A confession, admission or other statement is 'involuntarily made’ by a defendant when it is obtained from him:
 

 "(a) By
 
 any person
 
 by the use or threatened use of physical force upon the defendant or another person, or by means of any other improper conduct or undue pressure which impaired the defendant’s physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement” (emphasis added).
 

 The structure of CPL 710.20 (3), with its own cross reference to CPL 60.45, uses the unqualified phrase "any person”, and that is the linchpin of appellant’s argument seeking dismissal of the juvenile delinquency adjudication. The progression of appellant’s argument is that notice is required in all instances as to all witnesses under Family Court Act § 330.2 (2) because CPL 710.20 incorporates by reference the unqualified "any person” language of CPL 60.45 (2) (a). We are not persuaded by appellant’s proffered statutory interpretation. Essentially,
 
 *230
 
 it founders on a lack of supportive legislative intent in the face of countervailing precedential analysis and authority with respect to a less than facially plain statutory montage.
 

 The origins for the solution to this tricky statutory construction may be traced to
 
 People v Mirenda
 
 (23 NY2d 439). There, we addressed a parallel application of statutory interpretation of section 813-f of the Code of Criminal Procedure, the predecessor to the current CPL 710.30 after which Family Court Act § 330.2 was molded.
 
 Mirenda
 
 still provides solid guidance, which is reliable and indicative of the correct interpretation of Family Court Act § 330.2 (2) at issue here. According to D. Besharov, a key Family Court Act commentator, there is a "recurrent importance to practice under Article 3 of judicial interpretations of the CPL”
 
 (see,
 
 Besharov, 1984 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 330.2, 1994 Pocket Part, at 123). The following expression from
 
 Mirenda,
 
 therefore, helps to chart the path to understanding the scope of "any person” in Family Court Act § 330.2 (2):
 

 "We do not, however, interpret the legislative intent as requiring the District Attorney to notify defendants of admissions made to private parties who were not police agents. In
 
 People
 
 v.
 
 Huntley
 
 (15 N Y 2d 72) we adopted the Massachusetts rule for determining voluntariness of admissions and confessions made to police officers. Our decision was in direct response to the Supreme Court’s decision in
 
 Jackson
 
 v.
 
 Denno
 
 (378 U. S. 368) finding the procedure employed in New York to test voluntariness constitutionally infirm, thus overruling their prior decision[s] * * *.
 

 "When an admission is made to a private person the procedure established by section 813-f is inapplicable * * * 'the obvious purpose of the statute is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission.’ * * * The present procedure is ill suited to be a pretrial discovery device. We do not believe the Legislature intended it to be such. Therefore, if no question arises in respect to the voluntariness of an admission made to a private person there is no need to require a hearing”
 
 (People v Mirenda,
 
 23 NY2d 439, 448-449,
 
 supra;
 
 
 *231
 

 see also, People v Rivera,
 
 173 AD2d 360,
 
 lv denied
 
 78 NY2d 1129).
 

 We are satisfied that the
 
 Mirenda
 
 rationale helps to support our conclusion that a "public servant” limitation continues to restrict the notice requirement under Family Court Act § 330.2 (2).
 

 Further indicative of the contemporaneous and operative legislative intent, we advert to the persuasive authority in this instance of another of the original commentators on the Family Court Act and a legislative drafting aide in the particular statute at issue. Professor Sobie states that subdivision (2) of section 330.2 merely "restates CPL
 
 § 710.30
 
 concerning notice to a defendant” (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 330.2, at 411 [emphasis added]). CPL 710.30 (1) explicitly requires notice to adult defendants when evidence to be proffered consists of statements made only to a "public servant.” This limitation continues today. Thus, the confusing and ambiguous cross references and history that intertwine these notice provisions militate against a judicial harmonization exercise. The responsibility in this instance for this job belongs to the Legislature.
 

 The legislative sequence surrounding the enactment of Family Court Act § 330.2 (2) also counterindicates the undifferentiated and expansive construction urged by appellant. The notice provision in section 330.2 (2) of the Family Court Act was signed into law on December 20, 1982 and became effective the following July 1983. When first drafted in January of 1981, this Family Court Act notice requirement cross-referenced a different CPL 710.20 from the one that came into being by the time Family Court Act § 330.2 (2) became law in December of 1982.
 

 The Bill Jacket for section 330.2 (2) (L 1982, ch 920) dates the original bill that passed the Senate to January 1981. In January of 1981 and until September of 1982, CPL 710.20 stated in subdivision (3) that evidence is improper if it "[consists of a record or potential testimony reciting or describing a statement of such defendant involuntarily made, within the meaning of section 60.45,
 
 to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him”
 
 (CPL 710.20 [former (3)] [emphasis added];
 
 see,
 
 Historical Note, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.20, at 8 [1984];
 
 compare,
 
 CPL 710.30 [1]).
 

 In September of 1982, the Legislature, by Laws of 1982 (ch
 
 *232
 
 214) deleted the public servant limitation in CPL 710.20. Thus, when Family Court Act § 330.2 (2) was originally drafted in January of 1981, the reference to section 710.20 included language limiting its application to statements made to public servants. This lack of symmetry and conformity serves to support the view that the interlocking statutes are not plain on their faces and the disharmony appears to be due, at least in part, to legislative oversight.
 

 Because the practical and theoretical consequences are so sweeping and significant with respect to the operation of the Family Court Act § 330.2 (2) notice requirements, we conclude it is not warranted or prudent for the judiciary to interpret in such a way as to amend the requirement to eliminate an evidently intended limitation. The original public servant limitation should remain operative until the Legislature manifests its intent to remove it from Family Court Act § 330.2 (2).
 

 The Family Court Act also contains a distinct discovery provision in section 331.2, which explicitly does
 
 not
 
 require disclosure of statements made to persons other than public officials and their agents
 
 (see,
 
 Family Ct Act § 331.2 [1] [a]). The limited requirements of section 331.2 (1) (a) lend additional support to the continued application of the
 
 Mirenda
 
 rationale by limiting a notice requirement to public servants.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Smith, Levine and Cipabick concur; Judge Titone taking no part.
 

 Order affirmed, without costs.