Timothy JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

No. 96–CM–1058.

District of Columbia Court of Appeals.

Argued Sept. 2, 1997.
Decided Sept. 25, 1997.

Christopher Warnock, Washington, DC, appointed by this court, for appellant.

William D. Weinreb, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher, and Roy W. McLeese, III, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB and KING, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Appellant Timothy Johnson was charged with assault in violation of D.C.Code § 22–504 (1996 Repl.). Asserting constitutional entitlement, appellant filed a motion demanding a jury trial. Basing its ruling on the misdemeanor streamlining statute,[1] the trial

---

1. D.C.Code § 16–705(b) (1997 Repl.) (mandating nonjury trial unless the Constitution guarantees a right to trial by jury or maximum penalty for offense exceeds 180 days' incarceration or $1,000 fine).

court denied the motion. After appellant unsuccessfully renewed his jury demand, a two-day bench trial was conducted in which appellant was found guilty as charged. The court suspended the imposition of sentence and placed appellant on probation for one year. Appellant filed a timely notice of appeal.

Appellant now argues that the District of Columbia misdemeanor streamlining statute, which made simple assault, among other crimes, nonjury demandable because the maximum penalty was reduced from one year's incarceration to 180 days' incarceration,[2] fails the balancing test articulated by the United States Supreme Court in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), and *Blanton v. City of North Las Vegas, Nevada*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). He also asserts that "misdemeanor streamlining" violates due process. Finding these arguments unpersuasive, we affirm.[3]

## I.

 The Sixth Amendment guarantees a defendant "the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const.Amend. VI. However, "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968) (footnote and citations omitted). The Supreme Court has concluded that an offense carrying a maximum prison term of six months or less is presumed to be "petty," but a defendant is entitled to a jury trial if he can demonstrate that additional statutory penalties are so severe that the offense is determined to be "serious." *Blanton, supra*, 489 U.S. at 543, 109 S.Ct. at 1293 (holding the Constitution does not guarantee a right to a jury trial for a driving under the influence offense where the maximum imprisonment was six months and the maximum fine was $1,000). A jury trial is constitutionally required for offenses in which the penalty is more than six months'

imprisonment. *Baldwin, supra*, 399 U.S. at 69, 90 S.Ct. at 1888 (plurality opinion) (concluding that an offense with a penalty greater than six months' imprisonment cannot be deemed "petty," and thus affords the defendant the right to a jury trial).

 Appellant maintains that this "six month standard is a balancing test, derived from a careful weighing of the legitimate concerns of the defendant and the State." He quotes the Supreme Court to support his contention that the Court has mandated such a balancing test:

> Of necessity, the task of drawing a line "requires attaching different consequences to events which, when they lie near the line, actually differ very little." *Duncan v. Louisiana, supra*, at 161 [88 S.Ct. at 1453].... Indeed, the prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in quite serious repercussions affecting his career and his reputation. Where the accused cannot possibly face more than six months' imprisonment, we have held that these disadvantages, onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.

*Baldwin, supra*, 399 U.S. at 73, 90 S.Ct. at 1890. Appellant asserts that the decision to draw the line at six months is "predicated on the assumption that bench trials are, in fact, speedier and cheaper than jury trials." He reasons that because, according to him, the Misdemeanor Steamlining Act of 1994, Title I, D.C. Act 10–238 (1994), has not met these goals, it has "dramatically tipped the balance in favor of mandating that defendants receive trial by jury for misdemeanors in the District of Columbia."

Appellant's argument is unpersuasive because the Supreme Court, in drawing the line between bench and jury trials, never employed a balancing test. Rather, the six month distinction has evolved from the Court's analysis of what constitutes a petty

---

**2.** *See Day v. United States*, 682 A.2d 1125, 1126–27 (D.C.1996).

**3.** The evidentiary facts of this case are not relevant on this appeal. Thus, we omit them.

offense, thus not implicating the defendant's Sixth Amendment right, versus a serious offense for which there is a constitutionally guaranteed right to a jury trial.

█ Initially the Court "determin[ed] whether a particular offense should be categorized as 'petty,' " by focusing "on the nature of the offense and on whether it was triable by a jury at common law." *Blanton, supra*, 489 U.S. at 541, 109 S.Ct. at 1292 (citations omitted); *Duncan, supra*, 391 U.S. at 160, 88 S.Ct. at 1453 ("So-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the otherwise comprehensive language of the Sixth Amendment's jury trial provisions."). The jurisprudence has evolved so that the Court now looks to " 'objective indications of the seriousness with which society regards the offense.' " *Blanton, supra*, 489 U.S. at 541, 109 S.Ct. at 1292 (quoting *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969)). Objective indications include the severity of the maximum authorized penalty, *Baldwin, supra*, 399 U.S. at 68, 90 S.Ct. at 1887–88 (citations omitted), as defined by " 'the existing laws and practices in the Nation.' " *Id.* at 70, 90 S.Ct. at 1889 (quoting *Duncan, supra*, 391 U.S. at 161, 88 S.Ct. at 1453); *see District of Columbia v. Clawans*, 300 U.S. 617, 628, 57 S.Ct. 660, 663, 81 L.Ed. 843 (1937) ("Doubts must be resolved, not subjectively by recourse of the judge to his own sympathy and emotions, but by objective standards such as may be observed in the laws and practices of the community taken as a gauge of its social and ethical judgments."). *See generally Day, supra* note 2, 682 A.2d at 1127–30 (holding appellant was not constitutionally entitled to a jury trial for simple assault). Thus, the Court draws the line between petty and serious offenses based, in part, on how legislatures define the seriousness of crimes, namely through the length of the maximum authorized penalty.

█ The quoted language from *Baldwin*, on which appellant relies to assert there is a balancing test between disadvantages to defendants from convictions and administrative conveniences, does no more than demonstrate the Court's recognition that legislatures deny jury trials to petty offenders because of administrative conveniences. *See Baldwin, supra*, 399 U.S. at 73–74, 90 S.Ct. at 1890–91 ("We cannot, however, conclude that these administrative conveniences, in light of the practices that now exist in every one of the 50 States as well as in the federal courts, can similarly justify denying an accused the important right to trial by jury where the possible penalty exceeds six months' imprisonment."). A legislature's reason for mandating nonjury trials for petty offenses does not equal a Sixth Amendment limitation on its power to do so. Simply stated, appellant has taken language out of context to further an argument unsupported by years of Supreme Court decisions.

## II.

Appellant also asserts that misdemeanor streamlining "is so sweeping a change and so disruptive of the balance of the criminal justice system in the District of Columbia as to deny due process." Appellant's alleged due process violation is based on the argument that judges are more likely to convict defendants than juries. Appellant's contention is without merit.

█ The Supreme Court has never held that the Due Process Clause confers a right to a jury trial where Article III of the Constitution and the Sixth Amendment do not. In cases involving the right to a jury trial, the Supreme Court has never distinguished the claims brought under the Due Process Clause, the Sixth Amendment, and Article III. *See Callan v. Wilson*, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); *Natal v. Louisiana*, 139 U.S. 621, 11 S.Ct. 636, 35 L.Ed. 288 (1891) (Due Process Clause of the Fourteenth Amendment). Having specifically addressed appellant's rights under the Sixth Amendment, it is unnecessary to address appellant's due process rights as we, and inferably the Supreme Court, do not think the framers of the Constitution meant

to confer any broader rights concerning jury trials under the Due Process Clause. *Cf. Gerstein v. Pugh,* 420 U.S. 103, 125 n. 27, 95 S.Ct. 854, 869 n. 27, 43 L.Ed.2d 54 (1975) ("The Fourth Amendment was tailored explicitly for the criminal justice system, and ... always has been thought to define the 'process that is due' for seizures of person or property in criminal cases....").

*Affirmed.*