■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BATISTA, Appellant. [717 NYS2d 113] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered May 12, 1997, convicting defendant, after a jury trial, of five counts of

rape in the first degree, three counts of rape in the second degree and one count of endangering the welfare of a child, and sentencing him to five terms of 7 to 21 years, three terms of 2 to 6 years and a term of 1 year, all sentences to run concurrently, unanimously affirmed.

Defendant's challenges to the sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the verdict was based on legally sufficient evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence established every element of each of the crimes of which defendant was convicted.

The court properly denied defendant's mistrial motion made on the ground that the People introduced defendant's statement to an employee of the Administration for Children's Services without having provided notice pursuant to CPL 710.30 (1) (a). While CPL 710.30 (1) (a) requires notice of a statement to a "public servant," the unmistakable legislative intent is to provide notice of statements to law enforcement personnel in order to facilitate the making of suppression motions (see, Matter of Luis M., 83 NY2d 226; People v Mirenda, 23 NY2d 439, 448-449). In Mirenda, the defendant claimed that he did not receive notice of a statement made to a cellmate. The Court of Appeals was called upon to analyze section 813-f of the Code of Criminal Procedure, the predecessor to the current CPL 710.30. The Court stated: "The language of the statute does not distinguish, for the purpose of notice, between confessions and admissions made to the police or private individuals. We do not, however, interpret the legislative intent as requiring the District Attorney to notify defendants of admissions made to private parties who were not police agents." (Supra, at 448.) The Court reasoned that the purpose of the statute was to give the defendant an adequate time to prepare his case for questioning the voluntariness of the statement, and that only where voluntariness of the statement is challenged is there a need for a hearing (People v Mirenda, supra, at 448-449).

Similarly, we decline to interpret the reference to "public servant[s]" in CPL 710.30 (1) (a) to require notice of the statements made by defendant to an employee of the Administration for Children's Services. The caseworker herein was not acting as an agent of the police in obtaining either the arrest or confession of defendant. Rather, he was acting as an interpreter and investigating a child's claims of sexual abuse.

Defendant's claim that the court should have conducted an inquiry into the employee's relationship to the police investiga-

tion is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no factual basis for such an inquiry.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.