■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BAUGHAN, Appellant. [812 NYS2d 528]—

Judgment, Supreme Court, New York County (Philip M. Grella, J.), rendered August 9, 2004, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 20 years and 15 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of the victim's background and the inconsistencies in his testimony (*see People v Gaimari*, 176 NY 84, 94 [1903]).

Defendant did not preserve his argument that the court should have conducted a hearing to determine whether the victim was acting as a police agent when defendant made certain incriminating statements to the victim while they were in a holding cell together, since defendant never asked for such a hearing, but only sought to have the statements excluded as irrelevant (*see People v Batista*, 277 AD2d 141, 141-143 [2000], *lv denied* 96 NY2d 825 [2001]; *see also People v Fabricio*, 307 AD2d 882, 883 [2003], *affd* 3 NY3d 402 [2004]). Furthermore, the court did not "expressly decide[ ]" (CPL 470.05 [2]) the issue (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). We decline to review this claim in the interest of justice. In any event, the record is clear that the People did not arrange for the victim and defendant to be in the same holding cell; on the contrary, the

People made unsuccessful efforts to prevent that from happening.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining arguments. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.