People v Musah
2026 NY Slip Op 02931
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Abubakar Musah, Appellant.

Decided and Entered: May 12, 2026
Ind. No. 3986/18|Appeal No. 6577|Case No. 2022-02525|
Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Kate Paek, J. at speedy trial motion; Daniel P. Conviser, J. at Frye motion, trial and sentencing), rendered May 19, 2022, convicting defendant, after a jury trial, of predatory sexual assault against a child (two counts) and sexual abuse in the first degree (two counts), and sentencing him to an aggregate term of 12 years to life, unanimously affirmed.
The court properly denied defendant's request for a hearing under Frye v United States (293 F 1013 [DC Cir 1923]) regarding expert testimony on child developmental psychology and child sexual abuse (see People v Felix, 201 AD3d 505, 506 [1st Dept 2022], lv denied 38 NY3d 950 [2022]). The Court of Appeals has repeatedly held "evidence of psychological syndromes affecting certain crime victims to be admissible for the purpose of explaining behavior that might be puzzling to a jury" (People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 941 [2011], citing People v Carroll, 95 NY2d 375, 387 [2000]; see People v Taylor, 75 NY2d 277, 293 [1990]). Even if some jurors may have a basic understanding of issues like delayed disclosure, "that does not translate into a high level of comprehension of the dynamics of sexually and physically abusive relationships within a family . . . and which are generally not as familiar to the lay juror" (People v Nicholson, 26 NY3d 813, 829 [2016] [internal quotation marks omitted]).
We find that the verdict was not against the weight of the evidence, and there is no basis for disturbing the jury's credibility determinations (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The victim's testimony established multiple acts of sexual conduct, including instances of vaginal and anal sexual contact, committed over the course of approximately seven months (see Penal Law §§ 130.00, 130.65[1],[4], 130.75[1],[a], 130.96; former Penal Law § 130.50[1],[4]; People v Bartell, 221 AD3d 416, 417 [1st Dept 2023], lv denied 41 NY3d 1017 [2024]). The victim's testimony was corroborated by, among other things, testimony from her mother, testimony from her teachers regarding her disclosure, expert medical testimony, and defendant's conduct after the victim's disclosure, which evinced a consciousness of guilt (see People v Zorrilla, 242 AD3d 497, 499 [1st Dept 2025]). The victim offered a reasonable explanation for her recantation that the jurors were entitled to credit: defendant pressured her into recanting, and she was upset by his distress and felt guilty at the prospect of separating defendant from his unborn child. The jury was best able to observe and assess the credibility and demeanor of the witnesses in context with the evidence presented before it, and its findings are supported by the record (see People v Bueno, 18 NY3d 160, 169 [2011]).
[*2]
We conclude that, for purposes of discovery, the Administration for Children's Services (ACS) is not a law enforcement agency (see CPL 245.20[1][e]), so the People were not required to turn over unredacted copies of ACS reports. ACS is a "child protective service" (see Social Services Law § 423) with "the power to perform functions related to the care and protection of children" (New York City Charter § 617[a]), not a law enforcement entity under the People's direction or control (see People v Arroyo, 78 Misc 3d 1239[A] [Crim Ct, Kings County 2023], citing People v Batista, 277 AD2d 141, 142 [1st Dept 2000], lv denied 96 NY2d 825 [2001]; cf. People v Walker, 232 AD3d 1214, 1217 [4th Dept 2024], lv denied 42 NY3d 1082 [2025] [DOCCS is "not a law enforcement agency and is outside of the legal or practical control of local prosecutors and, therefore, the People cannot be deemed to be in constructive possession of that which DOCCS possesses"] [internal quotation marks omitted]). Accordingly, the motion court correctly determined that the People satisfied their discovery obligations by turning over the redacted ACS records in their possession and properly declined to invalidate the People's Certificate of Compliance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026