■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO AYALA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 5, 1985, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Delaney, J.), after a hearing, of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Upon our review of the record, we do not find that the defendant made a knowing, intelligent and voluntary waiver of his right to appeal the suppression ruling. The record reflects the defendant's lack of comprehension of the condition attached to his plea and, thus, the waiver is unenforceable

*(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Smith,* 133 AD2d 864). We accordingly reach the merits and upon our review thereof, we find that the trial court did not improvidently exercise its discretion in granting the People's application to reopen the *Wade* hearing. The People amply demonstrated their good-faith efforts to procure the appearance of the key identifying witness. Inasmuch as the People could not establish an independent source for an in-court identification without the testimony of this witness, they were entitled to a reopened *Wade* hearing at which such evidence could be presented *(see, People v Dodt,* 61 NY2d 408, 418; *People v Havelka,* 45 NY2d 636, 643; *People v Andriani,* 67 AD2d 20, 24-25, *cert denied sub nom. Boutureira v New York,* 444 US 866). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.