■ The People of the State of New York, Respondent, v Hector Coste, Appellant. [708 NYS2d 376] —Judgment, Supreme Court, New York County (Felice Shea, J., at hearing, Michael Obus, J., at jury trial and sentence), rendered July 22, 1998, convicting defendant of robbery in the third degree and

sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The hearing court properly refused to suppress the gold chain found by the police on the floor of defendant's cell. Although the police initially discovered that defendant was in possession of the chain during a search which was found by the hearing court to be unlawful, they did not seize the chain at that time because they were unaware of its significance. The police subsequently learned from the complaining witness, after defendant's arrest and at the precinct, that defendant had stolen his chain, and the exclusionary rule does not apply to their discovery of the chain in response to the untainted information gained from that independent source (*see, People v Arnau*, 58 NY2d 27, *cert denied* 468 US 1217). The decision to go to defendant's cell and inquire of defendant about the chain was clearly prompted by the complainant's mention of the chain, and would have occurred even without the initial search (*see, People v DelRio*, 220 AD2d 122, 131, *lv denied* 88 NY2d 983). In any event, the record also supports the court's finding of abandonment. Defendant's decision to rid himself of the chain by placing it on the floor of the jail cell that he occupied with others was not a direct result of any unlawful police conduct; rather it was an independent decision to abandon the chain and defendant's expectation of privacy regarding it (*see, People v Boodle*, 47 NY2d 398, 403-405, *cert denied* 444 US 969). Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.