■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SOMERVILLE, Appellant. [724 NYS2d 656] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered February 18, 1997, convicting him of burglary in the first degree (two counts), burglary in the second degree, assault in the second degree, assault in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain documentary evidence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in granting the People's motion to reopen the suppression hearing. Although the People do not have an unlimited right to a rehearing where they have had a full and fair opportunity to present evidence (*see, People v Havelka,* 45 NY2d 636, 643), the record indicates that the prosecutor obtained potentially critical new evidence after the initial hearing. This provided the People with a good faith basis to request that the hearing be reopened, and additionally, to seek a search warrant for the defendant's journal, which contained written threats against the complainant. Under these circumstances, it was within the sound discretion of the trial court to reopen the hearing to allow the People to present their new evidence (*see generally, People v Greco,* 230 AD2d 23, 29; *People v Ayala,* 149 AD2d 519). Furthermore, the trial court properly granted the People's application for a search warrant, since they demonstrated at the reopened hearing that an independent, untainted source had provided information indicating that the defendant's journal contained inculpatory evidence (*see, People v Arnau,* 58 NY2d 27; *People v Coste,* 272 AD2d 205).

The defendant received meaningful assistance from his trial counsel (*see, People v Flores,* 84 NY2d 184, 186; *People v Baldi,* 54 NY2d 137, 147).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.