■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK WIDGEON, Appellant. [757 NYS2d 267] —Judgments, Supreme Court, Bronx County (Robert Cohen, J.), rendered October 19, 1999, convicting defendant, after a jury trial, of assault in the first and second degrees, and also convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in or near school grounds, and sentencing him to an aggregate term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. Evidence credited by the jury warranted the conclusion that defendant acted in concert in the stabbing of one victim (*see* Penal Law § 20.00; *People v Allah*, 71 NY2d 830 [1988]), and that he either personally stabbed the other victim or was accessorially liable for that crime.

The court appropriately exercised its discretion in reopening the *Wade* hearing to permit the People to introduce a lineup photograph that was mistakenly omitted at the initial hearing (*see People v Somerville*, 283 AD2d 596 [2001], *lv denied* 96 NY2d 942 [2001]). While "[t]ailoring the evidence at the rehearing to fit the court's established requirements, whether done unconsciously or otherwise, would surely be a considerable danger. * * * Under certain circumstances, however, the risk of the introduction of distorted testimony at a rehearing is minimal" (*People v Havelka*, 45 NY2d 636, 643-644 [1978]). That is the case here since the evidence involved was a clear photograph of the lineup (*cf. People v Whipple*, 97 NY2d 1 [2001]). Furthermore, there was no bad faith by the People or prejudice to defendant.

Defendant's suppression motion was properly denied. The record supports the hearing court's findings that neither the photo array nor the lineup was unduly suggestive. With regard

to each identification, none of the differences between defendant and the other participants created a substantial likelihood that defendant would be singled out for identification, particularly in light of the description given by the identifying witness (*see People v Jackson*, 98 NY2d 555, 559 [2002]; *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.