■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WHITMORE, Appellant. [785 NYS2d 140]—

Kane, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered April 11, 2001, upon a verdict convicting defendant of the crimes of sodomy in the first degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered April 18, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After defendant's girlfriend reported that defendant had engaged in a sexual act with her five-year-old daughter, the police questioned defendant and obtained an oral and written statement in which he confessed to having the victim perform oral sex on him. County Court denied defendant's motion to suppress the statements. A jury convicted defendant of sodomy in the first degree and endangering the welfare of a child. The court sentenced defendant to concurrent terms of one year in jail for endangering the welfare of a child and 18 years in prison for sodomy. Defendant moved pursuant to CPL 440.10 to vacate the judgment based on newly discovered evidence and ineffective assistance of counsel. The court denied the motion without a hearing. Defendant appeals from his conviction and denial of his CPL 440.10 motion. We affirm.

Defendant first contends that County Court erred when it granted the People's request to reopen the suppression hearing. Very little time had elapsed between the conclusion of the hearing and the People's request, the court had not yet reached its decision on the motion, and the People's additional evidence was submitted as rebuttal to defendant's testimony that his statements were involuntary because he was under the influence of prescription medication at the time. Under these circumstances, the court did not abuse its discretion in reopening the hearing (*see People v Hernandez*, 124 AD2d 893 [1986]; *see*

*also People v Widgeon*, 303 AD2d 330, 330 [2003]; *People v Somerville*, 283 AD2d 596 [2001], *lv denied* 96 NY2d 942 [2001]).

Defendant next contends that his statements to a Department of Social Services (hereinafter DSS) child protective caseworker should have been excluded because they were obtained in violation of his right to counsel and the People failed to provide notice of such statements pursuant to CPL 710.30. Although defendant's right to counsel had attached when he spoke to the caseworker, that right was only violated if statements were taken by the police or agents of the police. This Court has previously stated that "social workers are generally not agents of the police," although they may be considered agents under certain circumstances (*People v Greene*, 306 AD2d 639, 641 [2003], *lv denied* 100 NY2d 594 [2003]). While the caseworker here coordinated with police detectives regarding the interview of the child victim, the caseworker conducted her jailhouse interview of defendant without any police involvement. As the caseworker had no agency relationship with the police, defendant's right to counsel was not implicated (*see People v Ray*, 65 NY2d 282, 286 [1985]).

Nevertheless, the statement to the caseworker should have been excluded because defendant was entitled to notice pursuant to CPL 710.30. That statute requires the People to provide notice of any "statement made by a defendant to a public servant" which will be offered at trial (CPL 710.30 [1] [a]). Although the term "public servant" is not defined in the CPL, the Legislature's definition of that term in the Penal Law is instructive. Penal Law § 10.00 (15) broadly defines the term to include "any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state." This definition also comports with a common sense understanding of "public servant," and seems to include a DSS caseworker. While the Court of Appeals previously held that a notice of intention to introduce a statement made to a public social worker need not be provided ahead of time to an alleged juvenile delinquent, that decision was based on notice provisions in the Family Ct Act and their correlation to language in, and the legislative history of, a different statute, CPL 710.20 (*see Matter of Luis M.*, 83 NY2d 226 [1994]).

The present case is also distinguishable from statements to private parties, where the issue is whether the individuals are agents of the police, not whether those individuals are public servants (*compare People v Mirenda*, 23 NY2d 439, 448-449 [1969]). Because the caseworker here was not a private individ-

ual but a public servant, albeit an employee of DSS and not of a law enforcement agency, defendant's statements to her fell under the purview of CPL 710.30 (*but see People v Batista*, 277 AD2d 141, 142 [2000], *lv denied* 96 NY2d 825 [2001]). Despite the People's failure to provide the required CPL 710.30 notice, we deem the admission of defendant's statements to the caseworker harmless error in light of the overwhelming proof of guilt through the victim's testimony, defendant's written statement, and testimony of defendant's admissions to the police detectives, the victim's mother and a cellmate (*see People v Richard*, 229 AD2d 787, 788 [1996], *lv denied* 89 NY2d 928 [1996]).

County Court properly denied defendant's CPL 440.10 motion. Defendant provided no explanation as to why any alleged new evidence was not available at the time of trial (*see* CPL 440.10 [1] [g]; *People v McGourty*, 188 AD2d 679, 681 [1992], *lv denied* 81 NY2d 843 [1993]). His claims of ineffective assistance are also unavailing. Counsel's determination not to call a medical expert was entirely reasonable as the People's expert merely testified that a physical examination of the child under these circumstances would not yield any evidence of sexual abuse. The decision to not utilize an expert on child interviewing techniques was an exercise of judgment which defendant may not now second guess (*see People v Smith*, 302 AD2d 677, 680 [2003], *lv denied* 100 NY2d 543 [2003]).

Defendant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed.