■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RODRIGUEZ, Appellant. [802 NYS2d 358]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered February 25, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The record fails to support defendant's contention that the court deprived him of a fair trial by assuming a prosecutorial role. "The court properly exercised its discretion when it advised the prosecutor to ask particular questions [of the police chemist], after determining that the prosecutor's inexperience [with drug cases] was undermining the orderly presentation of evidence and truth-seeking function of the trial . . . . Rather than asking the questions itself, the court was careful to avoid any appearance of bias by instead raising the matters in question with counsel outside the hearing of the jury" (*People v Davis*, 289 AD2d 134, 135 [2001], *lv denied* 97 NY2d 753 [2002] [citations omitted]). Moreover, the People had not yet rested, and the witness was still on the stand (*cf. People v Whipple*, 97 NY2d 1 [2001]).

Defendant's other claim of judicial interference is unpreserved (*see People v Charleston*, 56 NY2d 886 [1982]), and we decline to reach it in the interest of justice. Were we to do so, we would find no basis for reversal. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.