■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MITCHELL, Appellant. [828 NYS2d 1]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered February 3, 2004, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second and third degrees, and criminal possession of a forged instrument in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of $35^{1}/_{2}$ years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility.

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). At defendant's first trial, which ended in a hung jury, prior counsel called a certain witness. At the retrial, substitute counsel was unable to locate this witness, and the court ruled that counsel failed to make a sufficient showing of diligence to permit introduction of the witness's prior testimony under CPL article 670. We conclude that counsel's failings in this regard did not cause defendant any prejudice or deprive him of a fair trial, because the record of the first trial reveals that this witness's testimony was of indirect and very limited exculpatory value. The fact that the trial at which she testified resulted in a hung jury does not warrant a different conclusion, particularly since the People presented a stronger case at the second trial, including a new corroborating witness. As for defendant's attacks on his counsel's cross-examination and summation strategy, to the extent these claims are reviewable on direct appeal, we conclude that counsel's choice of focus met the standard of reasonableness, and that even if counsel had pursued the lines of cross-examination and summation suggested by defendant on appeal, there is not even a reasonable possibility that the outcome would have been different.

The hearing court properly exercised its discretion in reopening the suppression hearing, before rendering its decision on the merits, to permit the People to present an additional witness, since the danger of the evidence being tailored to meet the court's requirements was minimal under the circumstances (*see People v Widgeon*, 303 AD2d 330 [2003], *lv denied* 100 NY2d 589 [2003]).

The court properly imposed a consecutive term for third-degree weapon possession. The evidence established that defendant possessed the weapon before the shooting, in a separate event from the murder and second-degree weapon possession (*see People v Hamilton*, 4 NY3d 654 [2005]; *People v Rosario*, 26 AD3d 271 [2006], *lv denied* 6 NY3d 897 [2006]). Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.