■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO CESTALANO, Appellant. [835 NYS2d 133]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression hearing; Arlene R. Silverman, J., at jury trial and sentence), rendered February 1, 2005, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record establishes that the police were justified in stopping and then arresting defendant following the sale of heroin to an undercover officer. The court providently exercised its discretion in reopening the suppression hearing, before any decision on the merits had been made, to allow the People to present additional witnesses to demonstrate the legality of the police conduct (*see People v Suphal*, 7 AD3d 547 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Tirado*, 266 AD2d 130 [1999], *lv denied* 94 NY2d 867 [1999]). We find nothing in *People v Havelka* (45 NY2d 636 [1978]) to suggest that, even before rendering a decision, a suppression court lacks any discretion to permit, or request, additional testimony in order to cure a deficiency in

proof. Indeed, one of the purposes of requiring timely and specific motions and objections, a requirement applicable to suppression hearings (*People v Tutt*, 38 NY2d 1011, 1013 [1976]), is to "provide the opportunity for cure" (*People v Gray*, 86 NY2d 10, 20 [1995]; *see also People v Whipple*, 97 NY2d 1 [2001]).

In any event, we further conclude that the People met their burden at the suppression hearing even without the additional witnesses. The testimony of additional members of the same team of officers simply made explicit what could already be inferred from the testimony of the first witness (*see e.g. People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Mims*, 88 NY2d 99, 113-114 [1996])—that the officer who actually stopped defendant did so because he met the detailed radioed description of one of the participants in a drug sale.

The court properly exercised its discretion in imposing reasonable limits on the scope of cross-examination (*see People v Melcherts*, 225 AD2d 357 [1996], *lv denied* 88 NY2d 881 [1996]). The officers' subjective opinions of the "importance" of prerecorded buy money were not relevant and the court properly directed counsel to only ask questions that would elicit the facts of the case. On cross-examination, and throughout the trial, defendant received ample opportunity to explore and take advantage of the failure of the police to recover the buy money. We have considered and rejected defendant's remaining arguments concerning the court's conduct of the trial.

The court's *Sandoval* ruling, permitting inquiry into five felonies but precluding questions into the underlying facts of each, balanced the appropriate factors and was a proper exercise of discretion (*see People v Walker*, 83 NY2d 455 [1994]). The prior crimes were highly probative of defendant's credibility, notwithstanding their similarity to the charged crimes (*see People v Hayes*, 97 NY2d 203, 208 [2002]). Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.