■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RAMIREZ, Appellant. [843 NYS2d 280]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at hearing; Bonnie G. Wittner, J., at jury trial and sentence), rendered June 16, 2005, convicting defendant of attempted murder in the second degree, burglary in the first degree, attempted rape in the first degree, assault in the second degree, and two counts of sexual abuse in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 37 years to life, unanimously affirmed.

The suppression court had discretion to reopen the suppression hearing, before rendering a decision, in order to allow the prosecutor to elicit additional evidence (*People v Cestalano*, 40 AD3d 238 [2007]). Furthermore, the court properly exercised such discretion, since the additional evidence was directly relevant to probable cause (*see People v Suphal*, 7 AD3d 547 [2004], *lv denied* 3 NY3d 682 [2004]) and tended to clarify a matter the court had misapprehended (*see People v Tirado*, 266 AD2d 130 [1999], *lv denied* 94 NY2d 867 [1999]). Furthermore, there was no risk of tailoring, bad faith by the People or prejudice to defendant (*see People v Widgeon*, 303 AD2d 330 [2003], *lv denied* 100 NY2d 589 [2003]).

The court properly declined to suppress any of the various fruits of defendant's arrest, since the evidence established probable cause. While the descriptions provided by the multiple witnesses were in some respects different from each other, and from defendant's actual appearance, these discrepancies were insignificant in light of the circumstantial evidence that also contributed to the probable cause possessed by the arresting officer (*see e.g. People v Santos*, 41 AD3d 324 [2007]). This included evidence that defendant, when found and arrested on the premises where the crime had occurred that day, had a scratch on his face, and that the victim had reported scratching her assailant's face.

The court properly exercised its discretion in its rulings regarding defendant's efforts to introduce a videotape of a television program, and these rulings did not deprive him of a fair trial or the right to present a defense (*see Crane v Kentucky*,

476 US 683, 689-690 [1986]; *compare Chambers v Mississippi*, 410 US 284 [1973]). Defendant was convicted of dragging a 13-year-old patient out of her hospital room and brutally attacking her. A hospital surveillance videotape depicted defendant entering the pediatric area of the hospital at 7:23 A.M. The victim recalled that at the time of the attack she had been watching a certain news program, and that her assailant entered her room, watched the sports segment of the program, and then attacked her. On the morning that the court intended to charge the jury, defendant produced a videotape of the television program, in which a clock appears on the screen and shows that the sports segment aired at 7:19 A.M. Defendant offered this tape in an effort to show that he was not the perpetrator, because he allegedly did not arrive in the pediatric area until 7:23 A.M.

Under the circumstances of the case, the court properly ruled that the tape was not self-authenticating, and properly refused to receive it in evidence without authentication as to the accuracy of the time depicted. This ruling was not hypertechnical, because, as indicated above, this tape had no relevance, and would have been very misleading, unless the time appearing on the screen was precisely correct (*see People v Shelley*, 103 Misc 2d 1087, 1089 [App Term, 2d Dept 1980] [in a case turning on the precise time of an event, "if the People intended to rely on the (radio) broadcast to verify the exact time, proof should have been submitted as to the accuracy of the station's time check"]).

We also find that the court properly exercised its discretion in denying defendant's request for a continuance in order to attempt to authenticate the tape (*see People v Foy*, 32 NY2d 473, 476 [1973]). The request was made very late in the trial and would have caused significant delay. Furthermore, defendant was only seeking to obtain some sort of letter of authenticity instead of a live witness, and such a letter would not necessarily have been sufficient to authenticate the tape.

In any event, the television videotape was not critical to defendant's defense. Even assuming that the tape accurately shows that the sports segment aired at 7:19 A.M., this would hardly exclude defendant as the perpetrator. There are other plausible explanations, including that the victim was mistaken in her recollection of what was on television at the time in question, or that the clock feature on the hospital surveillance video had not been set correctly.

Were we to find that the court erred in excluding the tape or in denying the continuance, we would find such errors to be harmless beyond a reasonable doubt. To describe the evidence in this case as overwhelming would be an understatement, given

the multiple witness identifications, as well as DNA, fingerprint and other circumstantial evidence that conclusively established defendant's identity as the assailant.

The court properly imposed consecutive sentences for defendant's separate and distinct sexual acts (see Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]). The sexual abuse, during which defendant viciously punched the victim as he held her against a wall and after which she passed out, occurred in one part of a room. When she awoke, defendant had pulled down her pants and straddled her, while she was on the floor in another part of the room, and tried to forcibly penetrate her.

Defendant did not preserve his claims that the procedure by which the court determined that he was eligible for consecutive sentences, and the procedure under which he was sentenced as a persistent violent felony offender, violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]), and we decline to review them in the interest of justice. Were we to review these claims, we would find each of them without merit (see *People v Lloyd*, 23 AD3d 296, 298 [2005], *lv denied* 6 NY3d 755 [2005]; *Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.