THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BANNER, Appellant. [877 NYS2d 312]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered September 10, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and also convicting him, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to concurrent

terms of 15 years and 8 years, respectively, unanimously affirmed.

The court properly granted the People's application, made before it had rendered any decision, to reopen the suppression hearing in order to adduce additional testimony curing a deficiency in the proof establishing probable cause for defendant's arrest (see People v Cestalano, 40 AD3d 238, 238-239 [2007], lv denied 9 NY3d 921 [2007]). The risk of tailoring or prejudice was minimal, particularly since the additional information had already been provided to defendant in a police report. There is no merit to defendant's argument that, even with the additional testimony, the People still failed to establish probable cause.

The totality of the circumstances establishes the voluntariness of defendant's written and videotaped statements, in which he admitted shooting the deceased but claimed self-defense (see Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]). Although defendant was in custody for a total of approximately 15 hours between his arrest and the conclusion of his videotaped statement, this period was not excessive, the circumstances were not unduly coercive, and only a few hours were actually spent on interrogation. The hearing evidence, including the videotape, fails to support defendant's contention that the coldness of the room in which he was kept affected the voluntariness of his statements.

The court properly exercised its discretion in denying defendant's mistrial motions made when the prosecutor attempted to introduce evidence that the deceased lacked a criminal history. The court's curative actions were sufficient to prevent any prejudice.

Of defendant's remaining arguments concerning his trial, the only claims that are arguably preserved are his challenges to the prosecutor's summation comments on defendant's familiarity with firearms, on an alleged connection between defendant and his companions and a certain vehicle, and on an inconsistency in defendant's statements, as well as defendant's challenges to alleged testimonial hearsay in an autopsy report, to a photograph of the deceased while alive, and to a detective's testimony relating actions of other officers. As to these summation and evidentiary claims, we find any errors harmless.

Defendant's remaining contentions, including those concerning alleged errors to which he made general objections, are unpreserved (see People v Tevaha, 84 NY2d 879 [1994]), and we decline to review them in the interest of justice. As an alternative holding, we likewise find any errors harmless. With regard to both the preserved and unpreserved issues, while there were

improprieties, they did not deprive defendant of a fair trial or affect the verdict. The jury acquitted defendant of murder and failed to reach a verdict on manslaughter. It only convicted defendant of criminal possession of a weapon in the second degree, which, at the relevant time, constituted possession with intent to use unlawfully. Possession was undisputed, and the evidence, viewed in light of the presumption of unlawful intent (Penal Law § 265.15 [4]), overwhelmingly established intent to use the weapon unlawfully against another, regardless of whether defendant's actual use of the weapon against the deceased was justified (*see People v Pons*, 68 NY2d 264 [1986]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.