■ The People of the State of New York, Respondent, v Roscoe George, Appellant. [899 NYS2d 608]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered December 7, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of two years, unanimously affirmed.

The court properly exercised its discretion when it granted the People's application, made before it had rendered any decision, to reopen a suppression hearing for the purpose of recalling a detective to elicit material evidence on the issue of probable cause (see People v Cestalano, 40 AD3d 238 [2007], lv denied 9 NY3d 921 [2007]). Regardless of whether the additional testimony represented a change in the People's strategy, there was no prejudice to defendant, who was in the same position as if the People had presented all their evidence in one session.

The court properly denied defendant's application made pursuant to Batson v Kentucky (476 US 79 [1986]). Defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (Johnson v California, 545 US 162, 170 [2005]), and thus failed to make a prima facie showing of racial discrimination in the People's exercise of their peremptory challenges. The record lacks sufficient information about the racial composition of the available panel to support a finding that the People excluded a disproportionate number of black panelists, or that there was a disparity between the rate at which the People challenged black panelists

and the percentage of blacks in the panel (*see People v Pratt*, 291 AD2d 210 [2002], *lv denied* 98 NY2d 654 [2002]; *see also Jones v West*, 555 F3d 90, 98-100 [2d Cir 2009]). Defendant's additional argument that characteristics of one or more of the challenged panelists also give rise to an inference of discrimination is unpreserved and without merit.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Gonzalez, P.J., Tom, DeGrasse and Abdus-Salaam, JJ.