People v Valentin (2015 NY Slip Op 07553)





People v Valentin


2015 NY Slip Op 07553


Decided on October 15, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2015

Friedman, J.P., Sweeny, Saxe, Moskowitz, Gische, JJ.


15878 5262/10

[*1] The People of the State of New York, Respondent,
v
Jose Valentin, Defendant-Appellant.


Richard M. Greenberg, Office of the Appellate Defender, New York (Alejandro B. Fernandez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brian R. Pouliot of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura Ward, J. at hearings; Arlene D. Goldberg, J. at jury trial and sentencing), rendered February 28, 2013, as amended March 4, 2013, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant sold drugs to an apprehended buyer.
Those portions of the prosecutor's summation to which defendant objected constituted reasonable inferences drawn from the evidence, and were responsive to defendant's summation. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). We have considered and rejected defendant's claim that his counsel rendered ineffective assistance by failing to make additional objections to the summation (see People v Cass, 18 NY3d 553, 564 [2012]).
Upon granting the defense request for an agency defense based upon aspects of the People's evidence, the court properly allowed the People to introduce evidence of defendant's prior drug sale conviction (see People v Small, 12 NY3d 732, 733 [2009]). Defendant clearly asserted an agency defense. Contrary to defendant's argument, we see no reason to draw a distinction between the situation where a defendant testifies or otherwise elicits evidence to support an agency defense, and the situation where, as here, the defendant essentially adopts those portions of the evidence elicited by the People that support such a defense; in each instance, the People have the right of rebuttal.
The hearing court properly exercised its discretion in reopening the suppression hearing to allow the People to present an additional witness (see e.g. People v Cestalano, 40 AD3d 238 [1st Dept 2007], lv denied 9 NY3d 921 [2007]). Defendant did not preserve his claim that the court had already rendered a decision on the merits and therefore lacked any discretion to reopen the hearing, and we decline to review it in the interest of justice. As an alternative holding, we reject this claim because the court expressly stated that it had not yet rendered a decision.
Defendant's remaining suppression argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2015
CLERK