■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE, Appellant. [40 NYS3d 90]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered June 13, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony drug offender, to an aggregate term of six years, unanimously affirmed.

Assuming defendant's challenge to the court's receipt of additional direct testimony at a suppression hearing was preserved, we find that the hearing court properly exercised its discretion in permitting the People to ask additional questions on direct examination of a police witness after they stated that they had no further questions, because the court had not yet ruled on the suppression motion (see People v Gnesin, 127 AD3d 652 [1st Dept 2015], lv denied 25 NY3d 1164 [2015]). While the court made a remark about a possible need to elicit additional facts, that cannot be construed as a final ruling. Moreover, the hearing was not over, and all the court allowed was an immediate continuation of the direct examination of a witness who was still on the stand and had not been asked a single question on cross-examination. The court struck an appropri-

ate balance between the truth-seeking and finality concerns expressed in *People v Kevin W.* (22 NY3d 287, 296 [2013]), and defendant's argument that the court improperly interjected itself into the proceedings is without merit (*see e.g. People v Rodriguez*, 22 AD3d 412 [2005], *lv denied* 6 NY3d 758 [2005]). We also find no indication of "tailored" testimony. In any event, before the People elicited the additional evidence at issue, they had already established circumstantially that defendant was arrested on the basis of a specific and accurate description (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Mims*, 88 NY2d 99, 113-114 [1996]), and the additional testimony merely confirmed that fact by direct evidence.

At trial, the court properly admitted undercover officers' testimony regarding two statements made by a codefendant, namely that "[m]y boy only has [20s]" and that the officers should "wait here" because "his boy was coming." These statements were not hearsay, but part of the crime (*see People v DeJesus*, 272 AD2d 61, 61-62 [2000], *lv denied* 95 NY2d 962 [2000]). The court also properly admitted these statements on the theory that even if they were hearsay, they were still admissible as statements made by a coconspirator in the course and furtherance of the conspiracy (*see People v Caban*, 5 NY3d 143, 148-151 [2005]; *People v Bac Tran*, 80 NY2d 170, 178-179 [1992]). The evidence amply supported a prima facie case of conspiracy without recourse to the coconspirator declarations. In particular, the simultaneous hand gestures of defendant and the codefendant, when viewed in context, clearly indicated a drug-related exchange, and prerecorded buy money was recovered from defendant. Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.