People v Cook (2018 NY Slip Op 03916)





People v Cook


2018 NY Slip Op 03916


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6746 3191/13

[*1]The People of the State of New York Respondent,
v
Tyrell Cook, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph Dawson, J.), rendered September 24, 2015, convicting defendant, after a jury trial, of attempted robbery in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.
The court providently exercised its discretion in reopening a suppression hearing, before rendering a decision, in order to permit the People to call an officer with additional information tending to establish reasonable suspicion for defendant's detention (see People v Gnesin, 127 AD3d 652 [1st Dept 2015], lv denied 29 NY3d 948 [2015], lv denied 25 NY3d 1164 [2015]; People v McCorkle, 111 AD3d 557 [1st Dept 2013], lv denied 24 NY3d 963 [2014]; see also People v Lee, 143 AD3d 643 [1st Dept 2016]). The court had not made any ruling, and the circumstances did not pose a risk of tailored testimony.
The court properly denied defendant's suppression motion. Although the People did not meet their burden of going forward during the initial hearing, on the reopened hearing they sufficiently demonstrated reasonable suspicion to justify defendant's detention. The victim's description of his assailant was too general to provide reasonable suspicion by itself. However, it did so when combined with the very close spatial proximity between the crime and the detention, the fact that defendant was found in a subway station that was a likely escape route, that defendant reasonably appeared to be hiding because he was sitting on the platform behind a barrier, and that defendant was the only person who met the description in this nearly empty station at around midnight (see People v Brujan, 104 AD3d 481 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]; People v William, 81 AD3d 453 [1st Dept 2011], affd 19 NY3d 891 [2012]). There was a satisfactory explanation of a discrepancy between the victim's description of a garment his attacker was wearing and the garment defendant wore.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The physical injury element of the assault conviction was established by evidence supporting an inference that the victim's injury resulted in substantial pain (see generally People v Chiddick, 8 NY3d 445, 447-448 [2007).
The court correctly denied the portion of defendant's CPL 330,.30 motion to set aside the verdict that alleged misconduct by a juror. The issues raised in defendant's motion were referred to during defendant's cross-examination of a police witness, and did not involve specialized training or expertise (see People v Arnold, 96 NY2d 358, 364-368 [2001]; People v Maragh, 94 NY2d 569, 573-574 [2000]).
The court also correctly denied the part of the motion alleging that certain questions by the prosecutor improperly shifted the burden of proof. Defendant failed to preserve this claim, because he did not request any further relief after the court sustained objections to these [*2]questions and gave curative instructions (see People v Santiago, 52 NY2d 865 [1981]; see also People v Whalen, 59 NY2d 273, 280 [1983]). An unpreserved trial error is not cognizable under CPL 330.30(1), which is limited to matters of law. Although this Court may review unpreserved claims in the interest of justice, we decline to do so here. As an alternative holding, we find that the line of questioning was not so pervasive and flagrant as to warrant a new trial (see e.g. People v Whaley, 70 AD3d 570, 571 [1st Dept 2010], lv denied 14 NY3d 894 [2010]).
Defendant's challenge to the court's identification charge is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Vaughn, 132 AD3d 456 [1st Dept 2015], lv denied 26 NY3d 1151 [2016]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK