The People of the State of New York, Respondent,
against
Nadia Bedard, Appellant. 




Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for appellant.
Nassau County District Attorney (Judith R. Sternberg and Andrea M. DiGregorio of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Colin F. O'Donnell, J.), rendered August 4, 2016. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se) and driving while intoxicated (common law), respectively, and imposed sentences. The appeal brings up for review an order of that court (Eric Bjorneby, J.) denying, after a hearing, the branches of defendant's motion seeking to suppress physical evidence and statements.




ORDERED that the judgments of conviction are affirmed.
On December 20, 2013, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), based on a blood alcohol test result of .13 of one per centum by weight, and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). Insofar as is relevant to this appeal, the District Court (Eric Bjorneby, J.), following a combined Mapp/Dunaway/Huntley hearing, denied the branches of defendant's motion seeking to suppress the blood alcohol test results and an [*2]admission as to alcoholic beverage consumption. After a jury trial (Colin F. O'Donnell, J.), defendant was convicted of both charges.
At the conclusion of the second day of the suppression hearing, and after the People had rested, the prosecutor, upon learning from defendant's objection that another prosecutor, who had conducted the first phase of the hearing, had not developed the People's proof that Miranda rights had been given and waived, asked to reopen the proof to admit the relevant testimony. In its order granting the request, the District Court, noting that it had denied the People's request for an adjournment and, instead, had insisted that the hearing resume on the second day without the original prosecutor, who was engaged in a separate trial, granted the request to reopen, over objection, concluding that the omission had been inadvertent and the risk of tailored testimony "nil." 
Contrary to defendant's contention, the court's ruling represented a provident exercise of discretion. Although, as a general matter, the People do not have "an unlimited right" to reopen a suppression hearing to submit additional evidence (People v Somerville, 283 AD2d 596, 596 [2001]) where they have had "a full and fair opportunity to present evidence of the dispositive issues" (People v Kevin W., 22 NY3d 287, 289 [2013]; see also People v Havelka, 45 NY2d 636, 643 [1978]), a trial court's exercise of discretion to reopen a suppression hearing to "cure a deficiency in proof" (People v Cestalano, 40 AD3d 238, 238-239 [2007]), pursuant to "the common-law power of [a hearing] court to alter the order of proof in its discretion and in furtherance of justice" (People v Olsen, 34 NY2d 349, 353 [1974] [internal quotation marks omitted]; see also People v Whipple, 97 NY2d 1, 6 [2001]), is generally upheld where, as here, the court had not as yet rendered a decision on the suppression motion (e.g. People v Cook, 161 AD3d 708, 708 [2018]). As the Court of Appeals has stated, "(t)he truth-seeking function of a suppression hearing is critical, and there is a strong public policy interest in holding culpable individuals responsible and protecting legitimate police conduct. Finality is important, too, and parties are expected to be prepared for relevant proceedings with their best evidence. Our rule in Havelka balances these sometimes competing considerations, which are as evident in the pretrial context as they are on the appeal of a suppression court's decision" (People v Kevin W., 22 NY3d at 296).
Here, the hearing court "struck an appropriate balance between the truth-seeking and finality concerns expressed in People v Kevin W." (People v Lee, 143 AD3d 643, 643-644 [2016]; see also People v Brujan, 104 AD3d 481, 481 [2013]). There is no indication that the People had simply "tried and failed" to establish their case (People v Havelka, 45 NY2d at 643) with whatever proof they had possessed; rather, the second prosecutor, at a time when the People possessed the necessary proof, appears to have merely erred as to what portion of their proof had been adduced during the first day of the hearing and was unaware that the necessary testimony was available only through the witness at the second day (see e.g. People v Widgeon, 303 AD2d 330, 330 [2003] [the People were properly allowed to reopen a Wade hearing to introduce a lineup photograph "that was mistakenly omitted at the initial hearing"]). There is no indication that the lapse represented bad faith (see id.; People v Ramirez, 44 AD3d 442, 443 [2007]) or an [*3]attempt to offer tailored testimony (see People v Whitmore, 12 AD3d 845, 846 [2004]). Moreover, the time at issue—from when the People rested, through defense counsel's observation of the gap in the proof, and up to the People's request to reopen—was brief, and the court had not articulated any "direction" as to the absent proof (People v Kevin W., 22 NY3d at 295) so as to create a risk of "distorted testimony" (People v Havelka, 45 NY2d at 644; People v Mitchell, 34 AD3d 358, 359 [2006]). No perceptible prejudice to the defense is evident on this record. While it may have been defendant's objection that alerted the People to the missing proof, " 'one of the purposes of requiring timely and specific motions and objections, a requirement applicable to suppression hearings, is to provide the opportunity for cure' " (People v McCorkle, 111 AD3d 557, 557 [2013], quoting People v Cestalano, 40 AD3d at 239).
Defendant also contends that, at the suppression hearing, the People failed to establish that there was probable cause to arrest her for driving while intoxicated in the absence of sufficient proof that she had operated her motor vehicle while intoxicated, and that this failure was not cured by proof of her arrest scene admissions, which were insufficiently corroborated (see CPL 60.50). "Probable cause . . . 'does not require proof . . . beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed [by the defendant]' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v Bigelow, 66 NY2d 417, 423 [1985]; see e.g. People v Newcomb, 58 Misc 3d 153[A], 2018 NY Slip Op 50145[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). " '[I]t need merely appear more probable than not that [an offense] has taken place and that the one arrested is its perpetrator' " (People v Wright, 8 AD3d 304, 307 [2004], quoting People v Hill, 146 AD2d 823, 824 [1989]; see also CPL 70.10 [2]; People v Mercado, 68 NY2d 874, 877 [1986]; People v Williams, 127 AD3d 1114, 1116 [2015]).
To establish the element of operation, it is not necessary that the People produce "eyewitness testimony that [a] defendant had actually been observed operating the vehicle" (People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also People v Booden, 69 NY2d 185, 187-188 [1987]; People v Blake, 5 NY2d 118, 120 [1958]; People v Dunster, 146 AD3d 1029, 1030 [2017]). Instead, " 'operation . . . can be proven by circumstantial evidence' " (People v Zou, 56 Misc 3d 136[A], 2017 NY Slip Op 50996[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], quoting People v Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Here, barely two minutes after receiving a police radio report of a person attempting to enter a residence in Rockville Centre, police officers encountered defendant standing next to an automobile parked across the street from that residence. Defendant, exhibiting signs of alcohol inebriation, repeatedly revealed her intention to depart by attempting to enter the vehicle (seizing the driver's side door handle) and was repeatedly restrained from doing so by the investigating police officer. Defendant admitted that she had driven her vehicle to that location to visit her "boyfriend." In these circumstances, operation may be inferred, without defendant's admission, from the vehicle's location, which can only reasonably be explained by defendant's having [*4]operated the vehicle "before it came to rest" (People v Saplin, 122 AD2d 498, 499 [1986]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U], *1; People v Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U], *2). The facts "point logically to the defendant's operation of the automobile while intoxicated, even though there is no direct proof that [s]he drove [her vehicle]" to Rockville Centre (People v Blake, 5 NY2d at 120; see e.g. People v Fenger, 68 AD3d 1441, 1443 [2009]; cf. People v Kaminiski, 143 Misc 2d 1089 [Crim Ct, NY County 1989]). 
Finally, while defendant did not admit precisely when she had operated her automobile, her admission reinforces the previously noted circumstantial evidence of her having operated her vehicle to where it had been observed parked, and in sufficient temporal proximity to the investigation to support a "reasonable belief that an offense ha[d] been . . . committed" (People v Guthrie, 25 NY3d at 133). In any event, as the corroboration requirement of CPL 60.50 "refers only to convictions" (People v Suber, 19 NY3d 247, 250 [2012]), not to pretrial hearings, the People were not required to corroborate defendant's statement. Moreover, even if corroboration were required, we would find the corroboration evidence sufficient.
Contrary to defendant's contention, the People did not fail to establish that the Miranda rights had been timely rendered and effectively waived. " 'The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (People v Parris, 26 AD3d 393, 394 [2006], quoting People v Parker, 306 AD2d 543, 543 [2003]; see e.g. People v Scire, 57 Misc 3d 157[A], 2017 NY Slip Op 51661[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The hearing proof established that an investigation involving defendant had been properly undertaken on the basis of a civilian domestic incident complaint which involved an attempt to enter a private residence without the owner's permission. Defendant does not dispute that, under the circumstances presented, she was properly considered a suspect in the incident. When defendant thereafter exhibited indicia of alcoholic beverage consumption and an association with a vehicle parked nearby in which she attempted to drive off, the inquiry became a roadside driving while intoxicated investigation. A temporary roadside detention for the investigation of a suspected driving while intoxicated offense is generally noncustodial in nature and encompasses limited questioning appropriate to such investigations, including those related to alcohol consumption (see People v MacKenzie, 9 Misc 3d 129[A], 2005 NY Slip Op 51535[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see generally Berkemer v McCarty, 468 US 420, 436-437 [1984]; People v Bennett, 70 NY2d 891, 893-894 [1987]; People v Myers, 1 AD3d 382, 383 [2003]). 
The record herein does not reveal that the arresting officer's inquiry occurred in a custodial context, notwithstanding that the officer did not permit defendant to drive off, as he was acting in his capacity as a "guardian[] of the public safety" (People v Bryant, 92 NY2d 216, 229 [1998]). The officer's inquiry as to operation occurred "at the outset of the officer's initial approach" (People v MacKenzie, 9 Misc 3d 129[A], 2005 NY Slip Op 51535[U], *2). While the officer had certainly communicated to defendant that she was not free to depart in her [*5]automobile, that level of restraint, which was entirely consistent with the limited seizure contemplated by a level three De Bour inquiry (People v De Bour, 40 NY2d 210, 223 [1976]; see People v Alls, 83 NY2d 94, 99 [1993]; People v Archer, 137 AD3d 449 [2016]), was justified on the facts known to the officer (see e.g. People v Tieman, 132 AD3d 703, 703 [2015]; see also People v Hurdle, 106 AD3d 1100, 1104 [2013]; People v Larkin, 62 Misc 3d 62, 66 [App Term, 2d Dept, 9th & 10th Jud Dists 2018] ["Reasonable suspicion requires the quantum of knowledge (necessary) to induce an ordinarily prudent and cautious (person) under the circumstances to believe criminal activity is at hand"] [internal quotation marks omitted]). At the point defendant exhibited indicia of alcoholic beverage consumption and admitted her operation, the officer had not engaged in any conduct that may " 'fairly be characterized as the functional equivalent of formal arrest' " (People v Gray, 148 AD3d 557, 557 [2017], quoting Berkemer v McCarty, 468 US at 442). In the context of such noncustodial roadside investigations, the Miranda warnings are not required as a predicate to the admissibility of statements (see People v Bennett, 70 NY2d at 893-894; People v Myers, 1 AD3d at 383; People v MacKenzie, 9 Misc 3d 129[A], 2005 NY Slip Op 51535[U], *2).
Similarly without merit is defendant's claim that the District Court erred in permitting the People to question defendant as to the fact of a recent petit larceny conviction in the event she elected to testify on her own behalf. "[T]here are no per se rules requiring preclusion because of the age, nature and number of a defendant's prior crimes" (People v Walker, 83 NY2d 455, 459 [1994]), and it is well settled that prior convictions involving larceny are "highly probative of . . . credibility" (People v Fulford, 280 AD2d 682, 682 [2001]; see e.g. People v Macaiba, 149 AD3d 651, 651 [2017]; People v Herbin, 61 Misc 3d 150[A], 2018 NY Slip Op 51755[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, the District Court appropriately permitted reference to the conviction itself but precluded reference to the underlying facts (see People v Williams, 12 NY3d 726, 727 [2009]; People v Walker, 83 NY2d at 459; People v Ragland, 136 AD3d 845, 845 [2016]; People v Young, 115 AD3d 1013, 1014 [2014]). Defendant has not demonstrated that the prejudicial effect of the admission of the fact of this single prior conviction for impeachment purposes "outweigh[ed] the probative value of such evidence on the issue of credibility" (People v Baldwin, 167 AD3d 925, 926 [2018], citing People v Sandoval, 34 NY2d 371, 378 [1974]). In any event, as the proof of guilt was overwhelming and as there is no significant probability that defendant would have been acquitted but for the Sandoval ruling (see People v Crimmins, 36 NY2d 230, 241, 242 [1975]; e.g. People v Serrano, 166 AD3d 1020, 1021 [2018]), the error, if any, was harmless.
Defendant's admissions, submitted at the trial as evidence of her having operated her vehicle while intoxicated within the meaning of both charges, were adequately corroborated (see CPL 60.50). The corroboration requirement serves simply "to avoid the possibility that a crime may be confessed when, in fact, no crime has been committed" (People v Booden, 69 NY2d 185, 187 [1987]; see also People v Murray, 40 NY2d 327, 331-332 [1976]). The corroboration need not even amount to "additional proof . . . connect[ing] the defendant with the crime" (People v Lipsky, 57 NY2d 560, 571 [1982]), and, as such, the evidence threshold to satisfy the statute has been characterized as "low" (People v Chico, 90 NY2d 585, 591 [1991]). An admission may [*6]function " 'as a key or clue to the explanation of circumstances, which, when so explained, establish the criminal act' " (People v Lipsky, 57 NY2d at 570-571, quoting People v Cuozzo, 292 NY 85, 92 [1944]). Here, defendant had been observed several times attempting to enter a vehicle which, the defense stipulated at the trial, was registered to her ownership (see People v Beauzyl, 56 Misc 3d 141[A], 2017 NY Slip Op 51118[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), the prior operation of which vehicle had been established circumstantially, beyond a reasonable doubt (see e.g. People v Tyra, 84 AD3d 1758, 1759 [2011]). 
During deliberations, the jury submitted a request, which the court read to the parties' counsel, verbatim: "We would like clarification on the difference between Count 1 and Count 2," that is, between driving while intoxicated per se and common law driving while intoxicated. The court stated to counsel that it intended "to read the jury charge [as] to those two counts as it was read earlier," and asked counsel if they agreed to the procedure. Both counsel answered in the affirmative. At the conclusion of the rereading, defense counsel indicated that he had no objection to the rereading of the charge. By reciting "the precise content of the [jury] note into the record [and] in the presence of counsel," the court complied with its responsibility to provide counsel with "meaningful notice" of that content (People v Nealon, 26 NY3d 152, 156 [2015]; see also People v O'Rama, 78 NY2d 270, 277 [1991]). Where meaningful notice has been given, a court's failure to provide a proper response to a jury's note "does not constitute a mode of proceedings error" (People v Mack, 27 NY3d 534, 541 [2016]), and, thus, preservation is required (see CPL 470.05 [2]; People v Wiggs, 28 NY3d 987, 989 [2016]). In any event, on this record it cannot be said that the court's response to the note violated CPL 310.30 (see People v Santi, 3 NY3d 234, 248 [2004]; People v Malloy, 55 NY2d 296, 302 [1982]; People v Mattison, 162 AD3d 905, 907 [2018]; People v Gonsalez, 144 AD3d 841, 842 [2016]).
The jury foreperson announced a "verdict" of guilt with respect to driving while intoxicated per se but acknowledged that the jury had not reached a verdict with respect to the remaining charge, thereby failing to follow the instructions, which required verdicts as to both charges or to the lesser-included offense of driving while impaired if the jury could not convict defendant of common law driving while intoxicated. Defendant insisted that the jury had effectively rendered a "partial verdict," that is, a statement of an inability to agree on the second count, which should have been deemed an acquittal or otherwise required the court to invoke the procedures set forth in CPL 310.70 (1). However, we find, as the District Court properly ruled, that the verdict represented an "incomplete" or "defective" verdict (see CPL 310.50 [2], [3]), which applies where a jury fails to follow the instructions as to the order and completeness of their deliberations (see William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 310.50 at 589). Consequently, the court instructed the jury to proceed to the remaining charge and to "complete the verdict sheet as instructed," thereby adopting a procedure which represented a provident exercise of discretion. 
There is no indication that the jury's failure to reach a verdict as to the remaining charges was based on their inability to do so (see People v Salemmo, 38 NY2d 357, 360-361 [1976]; see e.g. People v Person, 153 AD3d 1561, 1564 [2017] [in accordance with CPL 310.50 (2), the jury [*7]was properly instructed to resume deliberations after it had returned "an incomplete, and therefore legally defective, verdict"]). There is no requirement under CPL 310.50 that, upon a court's rejection of a verdict as incomplete, the entire deliberation be commenced de novo; there was no confusion as to the verdict with regard to driving while intoxicated per se. Defendant never asked the court to declare a mistrial as to the remaining charges, and the fact that the jury reached a full verdict "shortly after" it was given the court's instruction to deliberate properly "does not establish that the court's [instruction] was coercive" (People v Cisse, 149 AD3d 435, 436 [2017], affd 32 NY3d 1198 [2019]). The jury was polled and every juror confirmed that his or her verdict was as reported by the foreperson. 
In the exercise of this court's authority to review the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon this review, we find that the verdicts convicting defendant of driving while intoxicated (per se and common law) are not against the weight of the evidence.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 08, 2019