People v Jha (2022 NY Slip Op 50276(U))

[*1]

People v Jha (Siddharth)

2022 NY Slip Op 50276(U) [74 Misc 3d 134(A)]

Decided on April 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570169/21

The People of the State of New York,
Respondent, 
against
Siddharth Jha, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Guy H. Mitchell, J.), rendered October 3, 2017, convicting him, after a nonjury
trial, of attempted assault in the third degree and harassment in the second degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered October 3, 2017, affirmed. 
The verdict convicting defendant of attempted assault in the third degree (Penal Law
§§ 110.00, 120.00[1]) and harassment in the second degree (Penal Law § 240.26)
was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no
basis upon which to disturb the trial court's determinations concerning credibility, including its
determination that defendant was not credible. The evidence, including the testimony of the
victim and the arresting officer, and the photographs of the victim's injuries, established that
defendant, a passenger in an Uber vehicle, repeatedly cursed at and punched the victim-driver in
his face before kicking him in the ribs. Contrary to defendant's assertion, the surveillance video,
which captured aspects of the altercation at the conclusion of the Uber ride, does not support a
finding that the victim was incredible. The fact that the court acquitted defendant on other
charges does not require a different conclusion (see People v Gutierrez, 91 AD3d 491 [2012]).
Since defendant's acquittal of the attempted criminal obstruction of breathing or blood
circulation charge was not "inherently inconsistent when viewed in light of the elements" of the
attempted third degree assault charge, the verdict was not repugnant as a matter of law (People v Muhammad, 17 NY3d
532, 539 [2011], citing People v Tucker, 55 NY2d 1, 4 [1981]). Defendant did not
preserve his present claim that the verdict was repugnant in convicting him of third degree
attempted assault and second degree harassment, but acquitting him of third degree menacing and
disorderly conduct charges (see People v Alfaro, 66 NY2d 985, 987 [1985]; 330.30[1];
CPL 470.05[2]) and we decline to review it in the interest of justice. As an alternative holding,
we reject it on the merits (see People v Gorgenyi, 57 Misc 3d 137[A], 2017 NY Slip Op
51298[U][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Nor did the trial court abuse its discretion in permitting the People to recall the arresting
officer after a short recess, following his direct testimony and before cross-examination, to ask
[*2]one further question, i.e., if the officer had made any
observation about the defendant's physical appearance when he was arrested (see People v Kessler, 122 AD3d
1402, 1405 [2014], lv denied 25 NY3d 990 [2015]; People v Pottorff, 145 AD3d 1095,
1096-1097 [2016], lv denied 30 NY3d 1063 [2017]; People v Lee, 143 AD3d 643 [2016]). Nor did the officer's response
that defendant "seemed to be under the influence of alcohol" at the time of his arrest constitute
Molineux evidence (see People v Molineux, 168 NY 264 [1901]), since it was not
evidence of prior bad acts or uncharged crimes, but rather, was "relevant to the very same crime
for which the defendant [was] on trial" (People v Frumusa, 29 NY3d 364, 370 [2017]; see People v
Duchi, 176 AD3d 968 [2019], lv denied 34 NY3d 1077 [2019]). In any event,
defendant suffered no undue prejudice, having admitted that he consumed three gin and tonic
cocktails prior to the incident.
Even assuming, without deciding, that the trial court erred in admitting photographic
evidence - a screenshot - of the subject Uber receipt, we would find the error to be harmless
given the overwhelming evidence of defendant's guilt and because there was no "significant
probability" that defendant would have been acquitted "had the proscribed evidence not been
introduced" (People v Kello, 96 NY2d 740, 744 [2001]; see People v Crimmins,
36 NY2d 230, 241-242 [1975]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: April 19, 2022